Argued March 31, affirmed in part; reversed in part
April 27, 1972

ANTTONEN, *Respondent-Cross-Appellant, v.*
MORGAN ET AL (No. 34061), *Appellants-Cross-Respondents.*
496 P2d 733

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellants-cross-respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*James H. Spence,* Roseburg, argued the cause and filed the brief for respondent-cross-appellant.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

This is an appeal by the Employment Division from a judgment order of the Circuit Court of Douglas County. That court reviewed the Employment Division's Appeals Board decision pursuant to ORS 657.265. The Appeals Board decision required claimant to refund $1405 in unemployment benefits paid him. The circuit court agreed that claimant was improperly paid unemployment benefits and should refund same, but the court went on to direct the Employment Division to credit or refund to the plaintiff's corporation the sums paid by the corporation as premiums for unemployment insurance on claimant's

salary. It is from this latter determination by the court that the Employment Division appeals. Claimant cross-appeals, claiming the court erred in disregarding the corporate entity and refusing to recognize him as an "unemployed" individual entitled to unemployment benefits.

The claimant is the primary stockholder and president of an Oregon corporation named Anttonen Logging, Inc. During 1967 and the first part of 1968, the corporation was an operating logging company which had periods of inactivity when the woods were closed by snow or fire danger.

The corporation reported and paid unemployment insurance premiums to the Department of Employment for its employes. Listed among the employes for which the corporation reported payroll and paid premiums was the claimant. Claimant claimed and received unemployment benefits for 31 weeks during the period January 1, 1967, through February 24, 1968. During this period of time, in addition to supervising the actual logging operation of his crews, claimant engaged in other activities on behalf of and to the benefit of the corporation. Among these were the acquisition and maintenance of equipment owned and operated by the corporation; arranging and providing corporate financing; negotiations for corporate logging contracts; determining the feasibility and economic effects of continuation of operations.

The corporation reported wages paid to the claimant during periods of each of the reporting periods. Claimant's reported compensation during the reporting period varied from $650 to $1100. Claimant's accountant, who was also secretary of the corporation, testified that claimant's salary was not based upon his

ability to perform but on the corporation's ability to pay.

■ We agree with defendant Employment Division that it was not necessary for the court to go further than to affirm the Appeals Board determination (and the hearing officer's) that the claimant was not unemployed pursuant to ORS 657.100 which provides:

> "An individual is deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. * * *"

The trial court in its memorandum opinion determined that there was

> "* * * evidence sufficient to support findings of fact that claimant performed services on behalf of the corporation. It may be he received no stipulated and cash-in-hand remuneration for such services. Without them, however, the corporation would not operate at all. It must have logging jobs, equipment and someone must have ultimate responsibility for its affairs. These services are more essential to the effective operation of the corporation than claimant's services as a logger in superintending the logging operations. * * *"

Applying these findings of fact by the court to the definition of unemployment found in ORS 657.100, it is clear that claimant was not unemployed within the statute. Although the corporation reported no wages were payable to claimant during the period he received the benefits, he performed services for the corporation during these periods and he was compensated for his services by the corporation. We therefore agree with the hearing officer and the Appeals

Board that claimant was not unemployed within the provisions of ORS 657.100.

■ The trial court's further determination that the defendant Division was required to refund premiums was not within the scope of the pleadings and that portion of the judgment providing for refunds[1] or credits from defendant to the plaintiff on account of premiums paid by Anttonen Logging, Inc., is reversed.

Affirmed in part; reversed in part.

[1] Any right to a refund was in favor of Anttonen Logging, Inc., which was not a party to the proceedings. Refunds of contributions, interest, fines or penalties are governed by ORS 657.510.