TAYLOR, *Petitioner,*
*v.*
EMPLOYMENT DIVISION et al, *Respondents.*
(No. 77-S-3100, CA 10445)
583 P2d 561

Alan L. Ludwick, Springfield, argued the cause for petitioner. With him on the brief was Donald K. Armstrong, P. C., Springfield.

Gregory A. Parker, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent C & J Cutting, Inc.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Petitioner petitions for review of a denial of unemployment compensation benefits.

First, petitioner challenges two findings as unsupported by substantial evidence, but his argument goes to quantification. Even if the order were modified to reflect petitioner's testimony precisely, it would not affect the reasoning and result of the order. There would be no value in setting out a discussion of the first assignment of error.

The second assignment of error is that the facts do not support the Board's conclusion.[1] Petitioner is a logger. He offers his services either as an employee or by contract with C & J Cutting, Inc., a corporation which he and his wife own, which in turn hires petitioner and others as needed to do the job. In almost three years of the existence of the corporation, petitioner spent about 18-20 months in its employ and about 11-12 months employed by others. He claims benefits for a three-week period following a layoff after two months employment and prior to the commencement of work for C & J Cutting under a contract. During the interim he did some work for C & J, such as conferring with his accountant. He also spent a substantial amount of time seeking work. According to the practice of the potential employers, he made inquiry of some for contract work, of others for employment, and others for either contracts or employment. The sense of his testimony and of the findings is that petitioner primarily sought contract business, but also made known his willingness and availability for direct employment.

This case is controlled by ORS 657.100 which provides:

"An individual is deemed 'unemployed' in any week during which he performs no services and with respect to

---

[1]The findings are not as complete as petitioner's testimony, but both are consistent. Giving petitioner the benefit of the doubt, we take the facts from his testimony.

which no wages are payable to him, or in any week of less than full-time work if the wages payable to him with respect to such week are less than his weekly benefit amount. * * *"

The statute is phrased in the conjunctive *and.* Therefore, one is not unemployed unless he "performs no services." We held in *Anttonen v. Morgan,* 9 Or App 169, 496 P2d 733 (1972), that one who owns a corporation and does work on behalf of the corporation, performs services within the meaning of ORS 657.100, is by statutory definition not unemployed and therefore is not entitled to benefits. This is such a case. Engaging in corporate business and soliciting contracts on behalf of the corporation may be held to be services for the corporation. The order so held and it is therefore upheld. *Home Plate, Inc. v. OLCC,* 20 Or App 188, 530 P2d 862 (1975).

Affirmed.