Ismat Bano SIDDIQI,
Employee-Appellant,

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, William H. Skinner, J. Frank Hanley, II and Ralph Miles, as Members of the Review Board of the Indiana Employment Security Division, and O. E. O., Employer-Appellees.

No. 2–377A104.

Court of Appeals of Indiana,
Fourth District.

April 30, 1979.

Wolf & Robak, David P. Murphy, Greenfield, for employee-appellant.

Theo. L. Sendak, Atty. Gen., Darrel K. Diamond, Deputy Atty. Gen., Indianapolis, for employer-appellees.

YOUNG, Judge.

A decision of the Review Board of the Indiana Employment Security Division denied appellant Ismat B. Siddiqi benefits for willfully failing to disclose facts which would have rendered her ineligible for or reduced her benefits. Deputy Hunt, an investigator for the Indiana Employment Security Division concluded under IC 1971, 22–4–16–1 (Burns Code Ed.), that appellant

"wilfully failed to disclose the fact of her self-employment in order to receive unemployment insurance benefits for which she was not entitled." Siddiqi requested a hearing before a referee and such a hearing was held. The referee made findings and conclusions and then affirmed the decision of Deputy Hunt. Siddiqi appealed to the Review Board. No additional evidence was permitted before the Review Board. Oral argument was heard upon the record. The Decision of Review Board affirmed the decision of the referee, adopted by reference the findings and conclusions of the referee, and also provided a Case History and a Statement of Facts.

Appellant's first assignment of error is that the decision of the Review Board is contrary to law as the decision was in direct conflict with the Statement of Facts by the Board. The Statement of Facts was as follows:

> The record indicates that claimant was separated from her former employment by discharge but was found eligible for benefits by the [Indiana Employment Security] Division and began receiving said benefits for the week beginning July 20, 1974. Claimant continued to receive benefits until she had received a total of $2,760. The evidence further shows that claimant, while receiving benefits, sold products for Amway Corporation *and so advised the Division*; however, she felt that since she operated this business at a loss, even though she had gross receipts or sales of $1,178.98, *she did inform the Division of these "earnings."* The record further shows that claimant did, in fact, advise the Division of earnings which she received from teaching during one benefit week. [Emphasis added.]

The Findings and Conclusions adopted from the referee's hearing are, in part, as follows:

> The referee further finds that claimant, during her entire period of eligibility, and while she drew benefits *failed to advise the Division that she was self-employed. . . .* The referee, therefore, concludes that claimant received a total

of $2,760.00 from the Division as benefits to which she was initially entitled, but that she failed to disclose facts which would have had a bearing on her eligibility had they been known to the Division. The referee finds that claimant took *no steps to advise the Division of her self-employment status.* The referee finds claimant's actions illustrate an intent or a wilful failure to take steps which claimant knew or should have known would affect her benefit rights. The referee concludes that claimant wilfully failed to disclose the fact of her self-employment to the Division. Her self serving remarks of commenting to various representatives of the Division cannot be given weight, as evidence. [Emphasis added.]

This court decided that the apparent inconsistency needed a correction or explanation if we were to properly decide the matter on the merits. Therefore, an unpublished "order," dated November 13, 1978, was directed to the Review Board for that purpose. The Modified Decision of the Review Board included the following Statement of Facts:

The record indicates that claimant was separated from her former employment by discharge after which claimant filed an initial claim for unemployment benefits July 10, 1974; that the Division found that the discharge was not for just cause in connection with work, and if otherwise eligible, claimant was entitled to benefits; and that claimant began receiving benefits for the week ending July 20, 1974, and continued to receive benefits until she had received a total of $2,760. The evidence further shows that claimant while receiving benefits was self-employed, selling Amway products, for which claimant received income. The claimant has alleged that she reported the self-employment to the Terre Haute Division office but failed to report the amount of income since she states she made "no money".

Claimant testified in transcript, page 27, lines 21 and 22, . . . "I did not think it necessary to tell them (Terre Haute Division office) every week that I, I was working with it (Amway products) because I never did make any money"; transcript, page 27, lines 24, 25, and 26, "But, they knew that I was selling Amway, because I did talk to them when I was with them trying to sign, why don't you buy something from me, too?"; transcript, page 39, line 23, "I did not say (inaudible), but I did talk to them about Amway". The record further shows that claimant was fully aware of the fact that she was to report weekly earnings to the Division's local office when registering for benefits.

Claimant's testimony concerning the reporting of self-employment and earnings to the Division local office is contradictory and self-serving to the extent that it is not accorded any weight as credible evidence as to reporting such self-employment and earnings.

In response to the Modified Decision appellant filed a Motion to Strike or In The Alternative Reverse Review Board's Decision for failure to comply with the above mentioned order. We will consider the motion, Modified Decision, original Decision and now reach appellant's assertions of error on the merits.

■ The issue thus submitted by appellant is whether there is such an inconsistency between the Review Board's Statement of Facts and the adopted Findings of Fact of the referee which requires reversal. The standard of review of decisions of administrative tribunals apply uniformly to all administrative agencies unless a different standard is required by statute. The Employment Security Act has no distinguishing standard. *Williamson Co. v. Review Board of Indiana Employment Security Division* (1969) 145 Ind.App. 266, 250 N.E.2d 612, 615. A rather basic premise of review is that this court cannot weigh the evidence and must accept the facts as found by the particular Board involved. This applies to the Review Board of the Indiana Employment Security Division. *Id.*

Whether appellant informed the Division was a fact question for the Review Board.

As the fact finder, it was the Board's duty and prerogative to weigh the evidence and to resolve any inconsistencies and conflicts appearing in the evidence. Although such inconsistency or conflict may arise from the undisputed testimony of a single witness, the Board's duty to resolve the same persists unaffected.

*Nordhoff v. Review Board of Indiana Employment Security Division* (1959) 130 Ind. App. 172, 162 N.E.2d 717, 721.

Therefore we must accept the facts as found by the Review Board[1] unless it falls within one of the exceptions for which this court may reverse. These exceptions are set out in *Williamson, supra*. Appellant has chosen from these exceptions to specify as errors the following:

(1) The evidence on which the Review Board based its conclusion was devoid of probative value;

(2) The quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis;

(3) There was no substantial evidence supporting the conclusions of the Review Board;

(4) The Order of the Review Board, its judgment or finding, is fraudulent, unreasonable, or arbitrary;

(5) The Review Board ignored competent evidence;

(6) Reasonable men would be bound to reach the opposite conclusion from the evidence in the record.

█ Concerning the allegation that the evidence was devoid of probative value, the Court of Appeals has defined probative value as evidence carrying the quality of proof

and having the fitness to induce conviction. *Darby v. Schoolcraft* (1955) 125 Ind.App. 440, 125 N.E.2d 812; *Vonville v. Dexter* (1948) 118 Ind.App. 187, 77 N.E.2d 759, 76 N.E.2d 856. At the hearing, the referee heard the investigator detail the investigation, the procedure for claiming benefits and reporting weekly information. The referee could determine credibility, accuracy, completeness of investigation, technique of investigation in making his findings and conclusions. On the basis of no report by the local unemployment office of any employment of appellant,[2] and a call from the "complaining employer" that appellant was self-employed, the investigator determined, as was her job, that appellant failed to disclose the fact of her self-employment. We are of the opinion that such evidence does have the quality of proof and fitness to induce the determination. Therefore the evidence was not devoid of probative value.

█ Next appellant alleges the quantum of legitimate evidence was so proportionately meager that the finding does not rest upon a rational basis. She argues that nothing in the documentary evidence[3] tends to prove a failure to notify the Division. Appellant assumes that the testimony of the investigator cannot or should not be considered in support of this allegation. Without this testimony and looking only to the documentary evidence, she states that the quantum evidence is so meager that the finding cannot rest on a rational basis. We do not agree. Looking to the quantum of *all* the legitimate evidence which includes the testimony of the investigator, we think the finding does rest upon a rational basis. This court looks to all evidence and reasonable inferences therefrom most favorable to

1. Although the referee made the findings, these were adopted and incorporated by reference into the Decision of the Review Board. We review them as though they are the Review Board's own findings.

2. It is presumed that the local office reported information given to them. The burden was on claimant to show that the local office failed to regularly report information given them. J. Wigmore, Evidence § 2534 (3d ed. 1940).

3. These documents reflect applications for benefits by Appellant, a wage transcript and benefit computation, Deputy Hunt's Determination of Eligibility, a report of irregular claim prepared by an unidentified person, a Fraud Case History prepared by Deputy Hunt, a Local Office Report on Disputed Claim, Appellant's Schedule C from IRS Form 1040, 1974, in two pages, and a letter from the Chief Attorney, Distributor Legal Services, AmWay Corporation to Deputy Hunt.

the Review Board's decision. *Ervin v. Review Board of Indiana Employment Security Division* (1977) Ind.App., 364 N.E.2d 1189.

■ Appellant next alleges that there was no substantial evidence supporting the conclusions of the Review Board. Substantial evidence means "such relevant evidence as a reasonable mind might accept as sufficient to support a conclusion." *Vonville v. Dexter, supra,* 77 N.E.2d at 760. On the basis of the above evidence, we do not find a lack of substantial evidence to support the conclusions.

■ In her brief appellant argues that the order, judgment or finding of the Review Board is arbitrary. She states that since the Review Board failed to make its own decision and only adopted the decision of the referee based on contrary findings of fact, the action was arbitrary. This is not what the record discloses. The Review Board, by reference, adopted the findings and conclusions made by the referee. The "contradictory Findings of Fact" is demonstrated above in the Modified and Original Decisions. This court cannot reverse for arbitrariness unless it is shown that the Review Board acted wilfully and unreasonably, without consideration and in disregard of the facts or circumstances of the case and without some basis which would lead a reasonable and honest man to such action. *Hatcher v. Smith* (1972) 152 Ind.App. 299, 283 N.E.2d 582; *Kinzel v. Rettinger* (1972) 151 Ind.App. 119, 277 N.E.2d 913. We may not interfere within the allowable scope of responsible discretion. *Uhlir v. Ritz* (1970) 255 Ind. 342, 264 N.E.2d 312. First, the Review Board's adoption of the findings and conclusion of the referee does not make their decision unreasonable or arbitrary. Second, there is an evidentiary basis discussed above for their decision affirming the referee. We do not find the Decision of the Review Board to be arbitrary. The apparent inconsistency was shown by the

Review Board to be evidence considered and not given any weight.

■ Appellant claims the Review Board ignored competent evidence. In her brief she quotes the referee's finding and failure to give weight to her testimony.[4] This demonstrates not the ignoring of evidence but the weighing and consideration of evidence. As we stated above, this court cannot reweigh evidence or judge credibility, and must accept the facts as found by the Review Board. The Review Board cannot refuse to consider and weigh competent, uncontradicted evidence. *Nordhoff v. Review Board of Indiana Employment Security Division* (1959) 129 Ind.App. 378, 156 N.E.2d 787, 789. Here the evidence of disclosure was contradicted and inconsistent.

■ The last exception alleged by appellant (to the rule that we must accept the facts as found by the Review Board) is that reasonable men would be bound to reach the opposite conclusion from the evidence in the record. Appellant premises this allegation on acceptance of her factual contention that she did notify the Division. This factual contention is hers and not that of the Review Board. The finding by the Review Board is that she wilfully failed to notify the Division of her status as a self-employed salesperson for AmWay. This factual determination has been reviewed above and is supported by substantial evidence of probative value and rests upon a rational basis. Reasonable men would *not be bound* to reach an opposite conclusion.

■ We have separately reviewed each exception specified by appellant. In the final analysis, the finding of the Review Board must be accepted because it does not fall within one of the exceptions for which we may reverse.

■ Finally, appellant asserts that no section of the . . . Act required her to disclose her status as a part-time, self-employed distributor for

---

4. Appellant claims she did notify the local office on some occasions. The referee's statement in the Findings and Conclusions that "Her self serving remarks of commenting to various

representatives of the Division cannot be given weight, as evidence" is stated by the Review Board in their Statement of Facts.

AmWay Corporation, so long as that status did not produce *earnings*. Appellant further asserts that unless the . . . Act specifically states that self-employment (as distinguished from self-employment *earnings*) renders an otherwise eligible claimant ineligible, then she had no duty to disclose her status as a part-time self-employed distributor for AmWay Corporation. In other words, unless her benefits would have been reduced upon disclosure of her self-employment, Appellant was under no duty to disclose that self-employment. Appellant was not required to disclose information not relevant to a determination of her continuing eligibility, and self-employment without earnings was irrelevant to a determination of her eligibility.

A general discussion of the rules for the determination of self-employed persons and eligibility is found at 81 C.J.S. *Social Security and Public Welfare* § 214 (1977).

Generally, persons engaged in self-employment may not be considered to be unemployed and therefore entitled to unemployment benefits, even though the business entered into operates at a loss or without profit. One who is engaged in rendering service for remuneration or who devotes his time to the practice of a profession by which a living is customarily earned cannot be said to be unemployed. It has been held, however, that a worker who loses his job may be considered to be unemployed although he undertakes limited self-employment in which his earnings are minimal or nonexistent.

The stated policy of our Act is to protect the public against economic insecurity due to unemployment. IC 1971, § 22–4–1–1 (Burns Code Ed.). The Act is intended, *inter alia*, to provide for payment of benefits to persons unemployed through no fault of their own. IC 22–4–1–1. The benefits are available and are paid at a time and in a manner so as to alleviate the hardship which the employee might otherwise suffer. The Act has prescribed weekly benefit periods. The items of deductible income listed in IC 1971, 22–4–5–2 (Burns Code Ed.) are balanced against the benefit amount on a weekly basis. In making special provisions for ascertaining allocation of holiday pay and vacation pay, for example, the legislature gives due regard for the need to assign such amounts to specific weekly periods. Likewise, IC 22–4–5–2, *supra*, reflects recognition that the Division cannot determine the effect upon weekly benefits without being provided a sufficient allocation of the income or losses of the claimant.

The Act is not a law to insure the success or failure of a claimant's business venture. *Compare Parent v. Bureau of Unemployment Compensation* (1959) 84 Ohio L.ABS 360, 171 N.E.2d 522; and *People v. Nest* (1942) 53 Cal.App.2d 856, 128 P.2d 444. A part-time self-employed person who lost a regular full time job should be placed in no worse position that a less ambitious person. The mere status should not penalize a person in such a position. *But, such information must be disclosed or otherwise it is the claimant who is making the determination, rather than the Division.* Also the disclosure must be made each week in light of the statutory scheme employed by the Act. A claimant may not present a yearly compilation showing a loss when determinations are made weekly. It is possible, since there was income or receipts that claimant may have had earnings which would have affected benefits in some individual weeks. Appellant did have the duty of disclosing the fact of and earnings (if any) from her self-employment so that the Division could have determined if it affected her *weekly* benefits. IC 1971, 22–4–3–1 and 2 (Burns Code Ed.).

For these reasons the Decision of the Review Board is affirmed.

LOWDERMILK and ROBERTSON, JJ., concur (Sitting by designation).