**Ernest CAREY, Claimant-Appellant,**

**v.**

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, and No Employer Involved, Appellee.**

**No. 93A02–8609–EX–00349.**

Court of Appeals of Indiana,
First District.

March 19, 1987.

Rosalind G. Parr, Gary, for claimant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Ernest Carey appeals the denial by the Review Board of the Indiana Employment Security Division of his claim for unemployment compensation benefits on the ground he was self-employed and unavailable for work and, therefore, ineligible for benefits. We reverse.

## FACTS

Carey had been employed as a burner chipper at Blaw Knox Foundry for ten years when he was laid off indefinitely on May 17, 1986. For some six years prior to his lay off, Carey and his wife had owned a fabric store known as Phyllis' Fabrics. This business was operated by Carey's wife, although Carey did render some assistance to her. Neither Carey nor his wife received any salary from the business, and any profits derived were reinvested in the business. The business did not show any profit for the year involved. Immediately following his layoff, Carey worked about thirty-two (32) hours per week in the business doing whatever needed to be done. He was not paid. He continued to look for work and contacted about twenty-five (25) prospective employers seeking employment. He registered for work weekly with the Employment Security Division and was willing to accept any kind of work on any shift and at minimum wages. When Blaw Knox recalled him for one week on July 4, 1986, he returned for such work. The Referee found that Carey was not available for work because of his self-employment and denied benefits. This determination was affirmed by the Review Board.

## ISSUE

The issue presented for our determination is whether, upon the facts of this case, Carey was engaged in self-employment to the extent he was not unemployed and not available for work and thereby ineligible for unemployment compensation benefits.

## DISCUSSION AND DECISION

In order to be eligible to receive unemployment benefits, an unemployed claimant must be available for work. Indiana Code section 22–4–14–3. Whether a person is available for work depends upon the facts and circumstances of each case considered in the light of the purpose of the unemployment compensation act. *Puckett v. Review Board of Indiana Employment Security Division* (1981), Ind.App., 413 N.E.2d 295, *trans. denied.* Such is a question of fact to be determined by the Review Board whose decision is conclusive and binding if supported by substantial evidence of probative value. *Id.* The purpose of the act, by which the determination of availability for work must be judged, is to provide benefits to persons who are unemployed through no fault of their own. *Potts v. Review Board of Indiana Employment Security Division* (1982), Ind.App., 438 N.E.2d 1012, *trans. denied.* Because the Employment Security Act is social legislation, it should be construed liberally in order to achieve its humanitarian purposes. *Id.; Holmes v. Review Board of Indiana Employment Security Division* (1983), Ind.App., 451 N.E.2d 83.

Obviously, a person who is employed is not eligible for unemployment benefits, and it is the general rule that one who is self-employed is neither unemployed nor available for work and thus may not receive unemployment compensation. *Siddiqi v. Review Board of Indiana Employment Security Division* (1979), 180 Ind. App. 420, 388 N.E.2d 613; *Zeringue v. Administrator, Division of Employment Security of Department of Labor* (1962), La.App., 136 So.2d 87; 76 Am.Jur.2d, *Unemployment Compensation,* § 51 (1975). This general rule, however, is not without exceptions, and, indeed, courts have had difficulty in applying the rule to those situations involving a laid off employee who also happens to be a part owner of a business or engages in some part-time self-employment. The complexities of this problem are revealed in 76 Am.Jur.2d, *Unemployment Compensation* § 51 (1975), where it is stated:

"The difficult question frequently presented in cases involving self-employment relates to the unemployment compensation consequences of engaging in such employment by an unemployed individual who is nonetheless seeking regular employment. It has been said in cases of this type that the test properly to be employed is that of genuine attachment to the labor market, and that this will serve to differentiate the business or professional man who temporarily attaches himself to the industrial market, from the workman who seeks a temporary augmentation of funds in a period of layoff. There is authority both for and against the proposition that an individual working in a business owned by a family member is ineligible for unemployment compensation benefits. Moreover, the question of whether the fact of an individual's joint ownership of a business can adversely affect his contention of unemployment has been resolved both in favor and against such an individual . . . ."

*See also*, Annot. 65 A.L.R.2d 1182 (1959).

Cases dealing with this problem have reached diametrically opposite conclusions. In one of the leading cases in this area, *Hatch v. Employment Security Agency* (1957), 79 Idaho 246, 313 P.2d 1067, 65 A.L.R.2d 1174, a carpenter whose employment was terminated devoted his full time to the construction of a house on a lot which he owned. The Idaho Supreme Court held he was fully employed in self-employment and ineligible for benefits. The court reviewed a number of cases from other jurisdictions in reaching its conclusion. The court noted:

"This is not a case of an unemployed person doing odd jobs or making minor improvements or repairs on his home while otherwise unemployed. This is a case of a skilled artisan pursuing his skill, and engaging in work of his craft during an extended period in the construction of a permanent and valuable improvement for himself."

*Id.* at 253, 313 P.2d at 1071.

The court in *Hatch* said that by doing his own work, Hatch increased his estate equal to or greater than the wages he would have had to pay others to do the work for him. Consequently he received actual wages or remuneration and was not unemployed.

In *St. Germain v. Ross* (1980), 78 A.D.2d 565, 431 N.Y.S.2d 732, the claimant was a corporate officer and equal stockholder in his wife's business. Claimant's only function was to sign most of the checks. His wife operated the business and made all business decisions. Neither claimant nor his wife received any salary from the business. In what seems to be an unduly harsh decision, the New York court held the claimant's activities were sufficient to deny unemployment benefits.

Other cases seem to turn upon the degree of the claimant's involvement in a business or self-employment activity. In *Coomer v. New Farmers National Bank* (1981), Ky.App., 611 S.W.2d 805, the claimant worked as a loan officer at a bank. He operated his own livestock brokerage business and was a partner in another such business, and also owned a farm. He resigned under pressure from the bank because of alleged conflict of interest. The Kentucky court held his outside business ventures to be of such magnitude as to render him ineligible for benefits. The court said that as a general rule one is not always precluded from receiving unemployment compensation because he owns or operates a farm. However, this case did not deal with a part-time farmer who worked full-time in other employment. Rather, this case involved a substantial operation which could and did occupy the claimant's full-time efforts.

In *Zeringue*, the claimant had worked for an oil company for 17 years, and for the last 7 years had sold insurance on the side receiving gross annual earnings of $1500. When his employment with the oil company was terminated, he devoted 6 to 7 hours daily to the insurance business hoping to make it his profession, but he still was looking for work. The Louisiana court recognized the general rule precluding one who is self-employed from receiving unem-

ployment benefits, but said it is a matter of degree. According to that court, the test is whether the claimant engages in an activity sufficiently substantial in nature as to constitute employment. The mere fact the activity is unprofitable is not determinative of the issue. In *Zeringue*, the court concluded the claimant was not unemployed.

In *Moshos v. Commonwealth, Unemployment Compensation Board of Review* (1983), 77 Pa.Commw. 493, 466 A.2d 258, the court held that a self-employed person may collect unemployment benefits under the following four (4) conditions: (1) the self-employment activity precedes valid separation from full-time work; (2) it continues without substantial change after separation; (3) claimant remains available for full-time work; and (4) self-employment activity is not the primary source of livelihood. The court said that the evidence must show claimant's participation in self-employment has increased substantially to support a finding that his self-employment activity has changed meaningfully. The court noted cases holding increases from 3 to 45 hours and from 30 to 60 hours per week were substantial and disqualifying. However, in *Moshos*, the claimant's self-employment increased from 2 to 5 hours per week and was held not disqualifying.

In *Corwin v. Sunshine Mining Company* (1974), 96 Idaho 211, 525 P.2d 993, the Idaho Supreme Court reached a result opposite its former decision in *Hatch*. Corwin, who was laid off from his regular employment at the mining company, purchased a service station building and began remodeling it in order to open a drive-in restaurant, working 15 hours per day, 7 days per week, for a 3 month period. At all times, he was willing to return to work and did return when recalled by the mining company. Also, claimant tried to find other work while he was laid off. The Idaho court, quoting from *Bartel v. Employment Security Department* (1962), 60 Wash.2d 709, 375 P.2d 154, held there were 5 criteria to be considered:

" '(1) Availability of applicant for resumption of regular employment.

" '(2) Hours per week devoted to activity in question.

" '(3) Net income earned from such activity.

" '(4) Nature of regular employment.

" '(5) Does the applicant engage in the same activities during the course of his regular employment and, if so, to what extent?' 375 P.2d at 158."

96 Idaho at 213, 525 P.2d at 995. The court in *Corwin* stated further:

"We hold that these considerations, though not exclusive, are valid tools to aid the commission in drawing the fine line between an industrious 'unemployed' person and a 'self employed' person in accordance with the public policy of the state.

"Applying the above five principles to the facts found by the commission in this case, the factors appear to be favorable to claimant-appellant. Claimant testified that he was at all times available to work and tried to find other work besides his employment with the Sunshine Mining Co. Upon recall by the Sunshine mine he immediately returned to work. Appellant earned no income from his activity in constructing the building, as the drive-in was not open for business. The remodeling of the building was a completely separate and foreign endeavor from appellant's regular line of work. The only factor which does not support appellant's claim is that he worked for a substantial number of hours each day on his project.

"From the facts as found by the Industrial Commission, we conclude as a matter of law, that the claimant was not self-employed."

*Id.*

A recent decision by the Ohio Court of Appeals aids our decision. *MacMillian v. Unemployment Compensation Board of Review* (1983), 10 Ohio App.3d 290, 462 N.E.2d 177. There, prior to his separation from employment, the claimant and his wife had invested $2250 on a business partnership with another couple in a print shop. Because he owned a one-fourth interest, claimant spent about 20 hours per week working there after his layoff. The print

shop was losing money and none of the partners received any income therefrom and the claimant was not paid. The Ohio Court of Appeals held the claimant eligible for unemployment compensation stating:

"The manifest purpose of the unemployment compensation law is to assist those who are *involuntarily* unemployed, but the determination of whether a particular claimant is truly unemployed and available for work, within the contemplation of the law, necessarily involves a delicate balance. Here, however, the facts and circumstances weigh heavily in favor of MacMillian.

"In the first place, he received no compensation, income, or reward from the print shop to alleviate the financial burden of unemployment, and secondly, it strains credulity somewhat to assume that MacMillian, possessed as he was with a M.B.A. degree, would have refused employment commensurate with his education and experience in order to pursue his $2,250 investment at Miami Printery, Ltd. Under the law, and as a matter of public policy, the right to unemployment benefits is not conditioned upon complete idleness, and the undisputed evidence in this case militates against the finding that MacMillian was not available for work upon reasonable notice."

10 Ohio App.3d at 292, 462 N.E.2d at 179 (emphasis in original).

The Oregon Supreme Court in *Taylor v. Employment Division* (1979), 286 Or. 711, 597 P.2d 780, reversed the decision of the Oregon Court of Appeals reported at 36 Or.App. 61, 583 P.2d 561 (1978) which held that a claimant who, with his wife, owned a corporation, and during his layoff from employment did some work for the corporation, for which he was not compensated, by conferring with an accountant and soliciting business for the corporation, was not unemployed. The Oregon Supreme Court stated that "[n]ot only does the performance of services alone not mean one is not unemployed, but such performance alone does not mean one is not available for or looking for work." 597 P.2d 785. The Oregon Supreme Court noted the claimant's testimony he had looked for work during his layoff. That court also stated the primary issue was whether a shareholder and officer of a corporation who performs uncompensated services for his corporation is disqualified from receiving unemployment compensation benefits because of those uncompensated services. By its decision, the Oregon Supreme Court held the claimant was not thereby disqualified.

This court dealt with the matter of the part-time self-employed claimant who was laid off from regular employment in *Siddiqi*. There the claimant was held ineligible because of her failure to report her earnings from part-time sales of Amway products. This court quoted from 81 C.J.S. *Social Security and Public Welfare* § 214 (1977) to the effect that generally self-employed persons are not unemployed and are ineligible for benefits even though their self-employment is unprofitable. However, " 'a worker who loses his job may be considered to be unemployed although he undertakes limited self-employment in which his earnings are minimal or non-existent.' " 180 Ind.App. at 427, 388 N.E.2d at 619. Judge Young, writing for this court, also said that a part-time self-employed person who lost a regular job should not be placed in a worse position than a less ambitious person. *Id.*

The facts of this case do not reveal a person engaged in a full-time business or occupation. At all times, Carey was available for regular employment. His regular employment involved activities totally unrelated to his part-time business efforts. He received no income from the business. He actively sought work during his lay-off and returned to work when recalled. Carey's self-employment activity was not the primary source of his livelihood. He did not engage in the business subsequent to his separation, rather the business was established prior thereto. The business essentially was operated by Carey's wife. Under these facts we believe the Review Board clearly erred in finding Carey was self-employed and, consequently, not unemployed and available for work. Such decision would reward indolence and punish

industriousness. Carey should not be put in a worse position than a less ambitious person.

 We do not mean to say that a self-employed person who also had other regular employment always will be eligible for unemployment compensation benefits. In many cases, the general rule will, and should, prevail. The question is one of degree and will depend ordinarily upon the facts and circumstances of each individual case. What we do hold is that in Carey's case, the record does not support the Review Board's finding that Carey was self-employed, and, as a result, not unemployed and available for work. This holding is consistent with the humanitarian purposes of the Employment Security Act.

Judgment reversed and cause remanded to the Review Board for further proceedings consistent with this opinion.

CONOVER, P.J., and ROBERTSON, J., concur.