v.

**REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT, Appellee.**

No. 93A02–1011–EX–1223.

Court of Appeals of Indiana.

Aug. 3, 2011.

Shane C. Mulholland, Burt Blee Dixon Sutton & Bloom, LLP, Fort Wayne, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

T.W. appeals the decision by the Review Board of the Indiana Department of Workforce Development ("Review Board") regarding his unemployment benefits. We reverse and remand.

### Issue

T.W. raises four issues, which we consolidate and restate as whether the Review Board properly found that he was ineligible to receive unemployment benefits as a result of his failure to disclose self-employment.[1]

### Facts

T.W. was employed by T.I. as a construction staffing manager and was laid off on January 12, 2010. He applied for unemployment benefits on January 14, 2010. When T.W. completed his weekly online employment vouchers, he was asked, "Did you work?" and he responded, "No." Ex. pp. 21–27. T.W. also certified: "I have reported any and all work, earnings, and self-employment activity for this week, even though I may not have yet been paid. I have also reported anything that interfered with my ability to work full-time this week." *Id.* at 19.

---

1. We use initials to protect the claimant and employing unit's identities pursuant to

Indiana Code Section 22–4–19–6.

Professional Labor Services ("PLS") is a construction staffing company that was incorporated in Illinois in late 2009. T.W. became a member of PLS on March 2, 2010, when he signed an operating agreement. He cashed in a 401K and paid a contribution of $7,000 on March 25, 2010, and $3,000 on May 10, 2010, for a twenty-five percent ownership of the company. T.W. acted as an officer of PLS and sales manager and worked fifty to sixty hours a week. However, T.W. did not receive any income from PLS and was still actively searching for a job.

In May 2010, an Indiana Department of Workforce Development ("Department") investigator determined that T.W. had been self-employed and that he had knowingly failed to disclose or falsified material facts on his applications. T.W. was ordered to repay the benefits he had received from January 2010 through May 2010 plus a penalty. T.W. appealed the investigator's decision. After a hearing before an administrative law judge ("ALJ"), the ALJ concluded that T.W. failed to disclose that he was working fifty or more hours a week for a company that he partly owned. The ALJ concluded that T.W. was self-employed, that T.W. was not eligible for benefits, and that he failed to disclose a material fact as required by Indiana Code Section 22–4–13–1. The ALJ affirmed the investigator's decision.[2] T.W. then appealed the ALJ's decision to the Review Board, which affirmed the ALJ's decision.[3] T.W. now appeals.

## Analysis

■■■ T.W. argues that the Review Board erred when it found that he was ineligible to receive unemployment bene-

fits. On appeal, we review the Review Board's (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *McClain v. Review Bd. of Indiana Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998). The Review Board's findings of basic fact are subject to a "substantial evidence" standard of review. *Id.* In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Review Board's findings. *Id.* Reversal is warranted only if there is no substantial evidence to support the Review Board's findings. *Id.* (citing *KBI, Inc. v. Review Bd. of Indiana Dep't of Workforce Dev.*, 656 N.E.2d 842, 846 (Ind.Ct.App.1995)). Next, the Review Board's determinations of ultimate facts, which involve an inference or deduction based upon the findings of basic fact, are generally reviewed to ensure that the Review Board's inference is reasonable. *Id.* at 1317–18. Finally, we review conclusions of law to determine whether the Review Board correctly interpreted and applied the law. *McHugh v. Review Bd. of Indiana Dep't of Workforce Dev.*, 842 N.E.2d 436, 440 (Ind.Ct.App.2006).

T.W. argues that he was not self-employed because he received no income from PLS and he remained willing to accept other employment if offered. Indiana Code Section 22–4–13–1.1(a) provides:

Notwithstanding any other provisions of this article, if an individual knowingly:

(1) fails to disclose amounts earned during any week in the individual's wait-

---

2. T.W. points out that, based on substantially similar facts, other ALJ's determined that two other members of PLS were not self-employed and were not required to repay benefits they received.

3. We were provided with a copy of the ALJ's decision but not a copy of the Review Board's decision.

ing period, benefit period, or extended benefit period; or

(2) fails to disclose or has falsified any fact;

that would disqualify the individual for benefits, reduce the individual's benefits, or render the individual ineligible for benefits or extended benefits, the individual forfeits any wage credits earned or any benefits or extended benefits that might otherwise be payable to the individual for the period in which the failure to disclose or falsification occurs.

It is undisputed that T.W. did not earn any income from PLS during the relevant time period. Thus, the issue is whether T.W. failed to disclose or falsified any fact that would disqualify him from receiving benefits, reduce his benefits, or render him ineligible for benefits or extended benefits.

On appeal, the Review Board relies on T.W.'s failure to disclose his employment and partial ownership of PLS, as well as *Siddiqi v. Review Bd. of Indiana Employment Sec. Div.*, 180 Ind.App. 420, 388 N.E.2d 613 (1979). In *Siddiqi*, the claimant began receiving unemployment benefits in July 1974. While receiving benefits, she sold products for Amway. The Review Board found that she had willfully failed to disclose facts that would have rendered her ineligible for or reduced her benefits. On appeal, we noted:

Generally, persons engaged in self-employment may not be considered to be unemployed and therefore entitled to unemployment benefits, even though the business entered into operates at a loss or without profit. One who is engaged in rendering service for remuneration or who devotes his time to the practice of a profession by which a living is customarily earned cannot be said to be unemployed. It has been held, however, that a worker who loses his job may be considered to be unemployed although he

undertakes limited self-employment in which his earnings are minimal or nonexistent.

*Siddiqi*, 180 Ind.App. at 427, 388 N.E.2d at 619 (quoting 81 C.J.S. Social Security and Public Welfare § 214 (1977)). We held that the "Act is not a law to insure the success or failure of a claimant's business venture." *Id.* at 428, 388 N.E.2d at 619. However,

A part-time self-employed person who lost a regular full time job should be placed in no worse position that a less ambitious person. The mere status should not penalize a person in such a position. But, such information must be disclosed or otherwise it is the claimant who is making the determination, rather than the Division.

*Id.* Further, we noted that employment disclosures were required to be made each week and that a claimant may not present a yearly compilation showing a loss when determinations are made weekly. "It is possible, since there was income or receipts that claimant may have had earnings which would have affected benefits in some individual weeks." *Id.* Consequently, the claimant had a duty to disclose the self-employment earnings so that the Division could determine if it affected her weekly benefits.

On the other hand, T.W. relies on *Carey v. Review Bd. of Indiana Employment Sec. Div.*, 505 N.E.2d 111 (Ind.Ct.App. 1987). In *Carey*, the claimant was laid off indefinitely and started assisting his wife with her fabric store for about thirty-two hours a week. The fabric store was not profitable, and the claimant did not receive payment for his work. He continued looking for other employment and, in fact, returned to his prior employment when he was recalled for one week. A referee found that he was not available for work because of his self-employment and denied

him benefits, and the Review Board affirmed.

On appeal, we noted that "a person who is employed is not eligible for unemployment benefits, and it is the general rule that one who is self-employed is neither unemployed nor available for work and thus may not receive unemployment compensation." *Carey*, 505 N.E.2d at 112 (citing *Siddiqi*, 180 Ind.App. at 427, 388 N.E.2d at 619). "This general rule, however, is not without exceptions, and, indeed, courts have had difficulty in applying the rule to those situations involving a laid off employee who also happens to be a part owner of a business or engages in some part-time self-employment." *Id.*

After an extensive analysis of similar cases from other courts, we concluded:

> The facts of this case do not reveal a person engaged in a full-time business or occupation. At all times, Carey was available for regular employment. His regular employment involved activities totally unrelated to his part-time business efforts. He received no income from the business. He actively sought work during his lay-off and returned to work when recalled. Carey's self-employment activity was not the primary source of his livelihood. He did not engage in the business subsequent to his separation, rather the business was established prior thereto. The business essentially was operated by Carey's wife. Under these facts we believe the Review Board clearly erred in finding Carey was self-employed and, consequently, not unemployed and available for work. Such decision would reward indolence and punish industriousness.

Carey should not be put in a worse position than a less ambitious person. *Id.* at 115–16. We clarified that we did not "mean to say that a self-employed person who also had other regular employment always will be eligible for unemployment compensation benefits. In many cases, the general rule will, and should, prevail. The question is one of degree and will depend ordinarily upon the facts and circumstances of each individual case." *Id.* at 116. In Carey's case, the record did not support the Review Board's finding that he was self-employed.

■ Here, the issue is whether T.W. failed to disclose or falsified any fact that would disqualify him from receiving benefits, reduce his benefits, or render him ineligible for benefits or extended benefits. The Review Board concluded that T.W. failed to disclose his relationship with PLS, which would have disqualified him from receiving benefits, reduced his benefits, or rendered him ineligible for benefits or extended benefits. The Review Board concluded that T.W. was self-employed, and "therefore, the claimant was not eligible for benefits." Appellant's App. p. 5. However, as shown in *Carey*, not all self-employment renders a claimant ineligible for benefits.

The relevant statutes define "employment" as services "performed for remuneration."[4] Ind.Code § 22–4–8–1. Clearly, as in *Siddiqi*, if the claimant is receiving income from self-employment, the claimant will be, at a minimum, subject to a reduction in benefits. This situation is distinguishable from *Siddiqi* though because it is undisputed that T.W. was not receiving income from PLS. *See, e.g., Cano v. Re-*

---

4. "Remuneration" means "all compensation for personal services, including but not limited to commissions, bonuses, dismissal pay, vacation pay, sick pay (subject to the provisions of [Indiana Code Section 22–4–4–2(b)(2)]) payments in lieu of compensation for services, and cash value of all compensation paid in any medium other than cash." I.C. § 22–4–4–1.

*view Bd. of Indiana, Employment Sec. Div.,* 513 N.E.2d 670, 674 (Ind.Ct.App. 1987) (holding that the claimant had a duty to report income at the time he received it so that the division could determine if the payments affected his weekly benefit amount), *trans. denied.*

On appeal, the Review Board implies that T.W. was self-employed because he was unavailable to work while he was working significant hours for PLS. *See* I.C. § 22–4–14–3(b) ("An unemployed individual shall be eligible to receive benefits with respect to any week only if the individual . . . is available for work. . . ."). However, T.W. testified that, despite the hours he was working for PLS, he was looking for other employment, he remained available to accept other employment, and he had an agreement with the other members of PLS that they would accept other job offers. The Review Board also emphasizes that T.W. was performing the same type of work with PLS that he previously performed, that he did not have a relationship with PLS prior to his lay off, and that he was a part owner of PLS.

Despite these facts, we see no statutory or evidentiary basis for a finding that T.W.'s failure to disclose his relationship with PLS would disqualify him from receiving benefits, reduce his benefits, or render him ineligible for benefits or extended benefits. As in *Carey,* T.W.'s relationship with PLS does not support the denial of his benefits. Although we are concerned about T.W.'s failure to disclose his relationship with PLS to the Department, the mere failure to disclose the relationship is insufficient to support the denial of benefits under Indiana Code Section 22–4–13–1.1(a). The fact that was not disclosed or that was falsified must also result in a disqualification, ineligibility, or reduction in benefits. The evidence here does not support a conclusion that T.W.'s rela-

tionship with PLS would disqualify him from receiving benefits, reduce his benefits, or render him ineligible for benefits or extended benefits.

### Conclusion

The record does not support the Review Board's conclusion that T.W. was self-employed and ineligible to receive benefits. We reverse the Review Board's order and remand for proceedings consistent with this opinion.

Reversed and remanded.

RILEY, J., and DARDEN, J., concur.