**PARENT, Plaintiff-Appellee, v. ADMINISTRATOR, and BOARD OF REVIEW, BUREAU OF UNEMPLOYMENT COMPENSATION et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4073.   Decided October 20, 1959.

Vincent E. Gilmartin, Youngstown, for plaintiff-appellee.

Mark McElroy, Atty. Genl., Daniel T. Lehigh, Asst. Atty. Genl., Columbus, for defendants-appellants.

## OPINION

Per CURIAM.

Defendants claim that the issue presented by their appeal to this court on questions of law from a judgment of the court of common pleas entered for plaintiff in his appeal thereto from the finding and judgment of the Administrator and Board of Review of the Bureau of Unemployment Compensation is:—

"Can a person who is self-employed qualify for, and receive unemployment benefits pursuant to §§4141.01 to 4141.46 inclusive, R. C., under the Ohio Unemployment Compensation law, irrespective of whether he does or does not receive remuneration in any form; or, stated another way, can an individual who is not 'unemployed' within the meaning of the Ohio Unemployment Compensation law establish his eligibility to receive benefits thereunder?"

Defendants contend the trial judge erred to their prejudice in find-

ing that a self-employed individual is eligible for benefits within the meaning of the Ohio Unemployment Compensation Law; and in finding that the decision of the Board of Review, Bureau of Unemployment Compensation, dated January 27, 1959, was contrary to law.

The following finding of the Board of Review, based on the record of hearing had by a referee thereof, is adopted as a partial factual statement of this opinion:—

"Prior to filing original application for determination of benefit rights on January 3, 1958, claimant was employed by Youngstown Steel Door Company from November 2, 1955 to November 27, 1957. On the latter date he was laid off. Application was allowed with benefit year beginning December 29, 1957; weekly benefit amount, $33.00.

"Claim for waiting week—week ending January 4, 1958—was allowed, and thereafter claims for compensable weeks ending January 11, 18 and 25, 1958, were allowed, and benefits paid. With respect to each of said weeks claimant reported, on Form BUC—403 C, that he was self-employed but had no earnings. In setting up income from his self-employment claimant subtracted cost of merchandise and overhead expense from gross receipts, and in each week in issue herein this formula revealed a net loss. For each of said weeks he listed five prospective employers personally contacted in search of work.

"During the time claimant worked for the base period employer he operated a variety store in Youngstown, on a part-time basis and outside of working hours. This business chiefly involved the sale of power mowers and small electrical appliances.

"Following claimant's layoff by said employer the store went into full-time operation, from 10:00 a. m. to 9:00 p. m., six days a week. Testimony was that claimant's mother operated the store during daytime hours, from three to five days a week, and that claimant operated it during evening hours; also, that each week claimant spent at least twenty daytime hours in the store, and about ten hours seeking a job in the Youngstown area."

Based upon the foregoing factual statement the Board of Review found:—

"During weeks ending January 11, 18 and 25, 1958, claimant was self-employed, and was not entitled to unemployment benefits for said weeks. Benefits paid to him for said weeks, in the amount of $99.00, constitute an overpayment which, under §4141.35 R. C., must be repaid to the Bureau.

"In the matter of said overpayment no fraud was involved, so the disqualification for benefits for the period from December 29, 1957 through December 27, 1958, heretofore imposed, is hereby removed."

The case of **Shannon v. Bureau of Unemployment Compensation, 155 Oh St 53**, recognizes that claimant has the burden of proving he is entitled to the unemployment benefits he received.

Defendants argue that the judgment of the court of common pleas would amount to insuring the success of claimant's business venture, which the legislature did not intend to do; and that the purpose of the unemployment compensation law is to assist those who are unfortunate

enough to be involuntarily unemployed, as said by the Supreme Court in **Nowak v. Board of Review, Bureau of Unemployment Compensation, 150 Oh St 535.**

Defendants further argue that to be eligible claimant had to be unemployed, which meant that he must not perform any services, regardless of whether self-employed or employed by another; that the unemployment insurance law is not a law to insure the success or failure of claimant's independent business venture; and finally that the case we review is governed by **Cornell, Admr., Bureau of Unemployment Compensation v. Perschillo et al., 93 Oh Ap 495** and **Reid v. Board of Review, Bureau of Unemployment Compensation, 155 Oh St 6,** decided under authority of §4141.49 R. C., then §1345-6 GC.

Claimant in this case had what has been called a business at which he put in his spare time. While unemployed at his principal occupation at Youngstown Steel Door Company he could and did spend considerable more time at his so-called business. As it turned out the business was strictly non-profitable. As a matter of cold fact, he was putting in a lot of time at what would be more properly called an avocation rather than an actual business. He probably had some hopes of turning that avocation into a real business. Millions of Americans have succeeded in doing just that with a hobby. Even stamp and coin collectors have been known to do that very thing. Would we say therefore that every stamp and coin collector is in business merely because he occasionally sells something at a profit? Obviously not. And, if not, where do we draw a line? When he sells more than he buys? When he makes a few dollars? A few hundred? Or a few thousand?

We feel that the claimant should be placed in no worse position than a less ambitious man. Public policy demands this. He worked in employment covered by the State Unemployment Compensation. Part of his "fringe benefits" provided by law was to be assured that in case he became unemployed he would have a minimum weekly income. This is what his employer paid for. This is what he should receive.

It is true that if you deduct weekly profits from his weekly compensation, you might find that in some weeks there might be no profits and in other weeks there might be profits far in excess of the compensation amount. The law provides for deducting income during a week from the amount of compensation. Income is income, whether profits or wages. Any inequity that would result under the present law could easily be changed in the legislative enactments to provide that income outside of compensation should be averaged out over a monthly period, or more.

We might point out that in the case of wages, many employees, if returned to work for a week or so receive far more than the amount of compensation. Weekly wages of four, five and six times the benefits are not uncommon. This is not considered inequitable, and the wage earner is not penalized because he happens to secure a week or two of work. We cannot see why claimants should be penalized because, through their own diligence they should happen to have an occasional good week, and we are unable to see how this could be construed as financing business ventures.

Since plaintiff has shown that he meets all of the requirements set out by law and has fully complied with the regulations of the defendant regarding benefits the appeal of defendant should be disallowed, and the decision of the common pleas court, dated May 22, 1959. should be sustained and final judgment entered for plaintiff at defendant's costs. Judgment affirmed.

GRIFFITH, PJ, PHILLIPS and DONAHUE, JJ, concur.