RINI, APPELLEE, *v.*
UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, APPELLANT;
THOMAS M. RINI COMPANY, INC.

(No. 45217—Decided May 2, 1983.)

*Mr. J. Ross Haffey, Jr.,* for appellee.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Marquette D. Evans,* for appellant Bd. of Review.

NAHRA, J. Appellee, John A. Rini, initially was denied his claim for unemployment compensation on the grounds that he was not unemployed. He pursued his administrative appeals up through the Unemployment Compensation Board of Review, at each level the denial of benefits being upheld. The court of common pleas reversed, finding the board's decision to be contrary to law, unreasonable and against the manifest weight of the evidence. The board of review appeals from that reversal.

The facts are not disputed. Claimant Rini was a produce salesman, secretary-treasurer and one-third owner of the Thomas M. Rini Company, Inc. He received a salary as a salesman, but was not paid for his services as an officer of the company. Claimant's salaried salesman position ended when, due to the retirement of the president, the company closed down on September 30, 1978. After the business closed, claimant, as secretary-treasurer, performed services for the company, including trying to sell some of the assets, collecting some outstanding accounts receivable, and signing certain forms. He received no remuneration for these services.

The board of review assigns only one error:

"The lower court erred in finding the determination of the Unemployment Compensation Board of Review to be unreasonable, unlawful, and against the manifest weight of the evidence."

This appeal turns on the meaning of the term "unemployed." R.C. 4141.01(R) provides in part:

"Any application for determination of benefit rights made in accordance with section 4141.28 of the Revised Code is valid if the individual filing such application is unemployed, * * *. Within the meaning of the preceding sentence, an individual is 'unemployed,' if, with respect to the calendar week in which such application is filed he is 'partially unemployed' or 'totally unemployed' as defined in this section, or if, prior to filing his application, he was separated from his most recent work for any reason which terminated his employee-employer relationship, or was laid off indefinitely or for a definite period of seven or more days."

Thus, there are four ways one can be deemed "unemployed" for purposes of this statute. We are concerned here only with total and partial unemployment, defined in R.C. 4141.01 as follows:

"(M) An individual is 'totally unemployed' in any week during which he performs no services and with respect to such week no remuneration is payable to him.

"(N) An individual is 'partially

unemployed' in any week if, due to involuntary loss of work, the total remuneration payable to him for such week is less than his weekly benefit amount."

Based on R.C. 4141.01(B)(1), the intent of the statute, and the liberal construction to be given the statute, claimant contends that one who performs services but receives no remuneration for those services is "totally unemployed" for purposes of this Act.[1]

The board opposes claimant's position, contending that to be "totally unemployed" one must have neither performed services nor received remuneration during the week in which he is applying for benefits.

The statute is clear. One who either performs services or receives remuneration in a given week is not "totally unemployed." See *Richards* v. *Ohio Bureau of Emp. Serv.* (May 25, 1978), Cuyahoga App. No. 37419, unreported. Therefore, claimant was not "totally unemployed" during those weeks when he performed services.

It is important to note that failure to satisfy the requirements of being "totally unemployed" does not mean one cannot be "unemployed" for purposes of this statute. Being "totally unemployed" is just one of four ways a person can be "unemployed" for purposes of receiving benefits. R.C. 4141.01(R). The board of review seems to have confused the two, having deemed claimant to be not "unemployed" because he provided services to his company as its secretary-treasurer.

Claimant further contends that, if he is not "totally unemployed," he is at least "partially unemployed," and therefore "unemployed," thus entitled to benefits under R.C. 4141.01(R). To be "partially unemployed" in any given week, only two criteria must be met:

(1) there must be an involuntary loss of work; and

(2) the total remuneration payable to claimant for that week must be less than his weekly benefit amount.

Here, through the closing of the business, the claimant involuntarily lost his salaried salesman job. Also, as he received no remuneration after the company closed, and was entitled to no compensation for his services as an officer of the company, his total remuneration for a given week would be less than his weekly benefit amount. He meets the requirements for being "partially unemployed," which makes him "unemployed" for purposes of R.C. 4141.01(R) and thus eligible for benefits. This determination is consistent with *Belkin* v. *Bd. of Review* (Feb. 7, 1980), Cuyahoga App. No. 40365, unreported. Simply being an officer of a company does not make one ineligible for unemployment benefits.

Based on the above, the court of common pleas properly found that the board of review's action was unreasonable, contrary to law, and against the manifest weight of the evidence. The decision is affirmed.

*Judgment affirmed.*

PATTON, C.J., and MARKUS, J., concur.

---

[1] R.C. 4141.01(B)(1) states that:

" 'Employment' means:

"(a) Service performed for wages * * *;

"(b) Services performed by an individual for remuneration * * *."

Claimant asserts that services performed not for wages or remuneration cannot constitute employment, but rather renders one "totally unemployed." The essence of employment is the receipt of wages or remuneration, not the performance of services. Therefore, the performance of services without being entitled to remuneration for those services is not employment, but unemployment for purposes of this statute. As the intent of the Unemployment Compensation Act is to provide financial assistance to those not working through no fault of their own, deeming employment to be simply the performance of services without compensation defeats the purpose of the Act.