MacMillian, Appellee, *v.*
Unemployment Compensation Board
of Review, Appellant.

(No. 82-CA-66—Decided July 25, 1983.)

*Mr. L. Craig Hallows,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Marquette D. Evans,* for appellant.

Kerns, J. On April 30, 1981, Gregg J. MacMillian was separated from his employment with Joint Hospital Services, Inc. On May 15, 1981, he filed an application for unemployment compensation benefits. The application was allowed, and MacMillian was paid $4,120 by the Ohio Bureau of Employment Services.

Prior to his separation from employment, MacMillian and his wife had invested $2,250 in a business partnership which was known as Miami Printery, Ltd. The business partnership was organized, along with another couple, in September 1980. Since MacMillian owned a one-fourth interest in the print shop, he spent a considerable amount of time there after his separation from Joint Hospital Services, Inc. However, the evidence discloses that Miami Printery, Ltd. was losing money at the time and that the four owners were not receiving any income from the limited partnership association.

Upon learning that MacMillian was working for Miami Printery, Ltd., the Administrator of the Bureau of Employment Services issued an order for the repayment of the unemployment benefits paid to the appellee, and the overpayment order of the administrator was subsequently affirmed by the Unemployment Compensation Board of Review. MacMillian then appealed to the Court of Common Pleas of Miami County, which reversed the determination of the board of review, and the cause is presently before this court on appeal by the Administrator of the Ohio Bureau of Employment Services from the decision of the Court of Common Pleas of Miami County.

The appellant has set forth two assignments of error, the first of which has been stated as follows:

"1. The lower court erred in applying an improper standard of review in its consideration of this matter."

In support of this alleged error, the appellant correctly observes that R.C. 4141.28(O) requires the court of common pleas to determine whether the decision of the board of review was "unlawful, unreasonable or against the manifest weight of the evidence." *Vest* v. *Bd. of Review* (1952), 93 Ohio App. 504 [51 O.O. 217]. In other words, the jurisdiction of

the court was limited to a finding of whether the decision of the board of review was unlawful, unreasonable, or against the manifest weight of the evidence. *Kilgore* v. *Bd. of Review* (1965), 2 Ohio App. 2d 69 [31 O.O.2d 108].

In the present case, the court of common pleas entered a decision which provides specifically that "the court has considered the record and finds that appellee's decision is not based on reliable, probative, and substantial evidence and that it is unlawful," and nothing otherwise appears of record to suggest that the trial court did not review the administrative proceedings with a conscious regard for the standard of review required by statute. Manifestly, a finding made without evidence to support it is arbitrary and unlawful, and the findings of the court of common pleas in its decision meet the statutory requirements of R.C. 4141.28. As we view it, therefore, the first assignment of error is completely devoid of merit.

The second assignment of error has been proposed as follows:

"2. The lower court erred in finding the claimant to be entitled to unemployment compensation benefits."

The decision of the Unemployment Compensation Board of Review was based essentially upon the following findings of fact:

"During October, 1980, the claimant and his wife formed a partnership with Jim Karnes and Cathy Karnes, who are also husband and wife, to operate a business known as the Miami Printery, Ltd. The Miami Printery, Ltd. operates a commercial printing business, printing a variety of business forms. Among the forms printed are several that pertain to hospital administration and are sold to customers the claimant contacted through his previous job with Joint Hospital Services, Inc.

"During the weeks in issue the claimant estimates that he spent approximately 20 hours per week performing work for

the Miami Printery, Ltd., although the claimant was not paid for this service. The claimant has received no income as a result of his work for the Miami Printery, Ltd.

"* * *

"An individual who is working is not unemployed and hence not fully eligible for unemployment benefits. Section 4141.29, Revised Code of Ohio, provides that an eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment. An individual who is self-employed is in total control of the hours and efforts devoted to the business. While the claimant apparently devoted less than full time to the operation of the business, his choice to do so was voluntary and does not constitute an involuntary loss of employment within the purview of the Ohio Unemployment Compensation Law. Furthermore, the facts establish that during at least 20 hours per week the claimant was actively engaged in self-employment, and, therefore, unavailable for other work. Although the claimant contends that he could have reduced the time spent in self-employment had a job been offered, in determining an individual's availability for work the determination must be based on the circumstances that existed during the week in issue and not what might have been under different circumstances. An individual who is occupied in endeavors that preclude his working during half of a normal workweek cannot be deemed available for work within the purview of the Ohio Unemployment Compensation Law."

The manifest purpose of the unemployment compensation law is to assist those who are *involuntarily* unemployed, but the determination of whether a particular claimant is truly unemployed and available for work, within the contemplation of the law, necessarily involves a delicate balance. Here, however, the facts and circumstances weigh heavily in favor of MacMillian.

In the first place, he received no compensation, income, or reward from the print shop to alleviate the financial burden of unemployment, and secondly, it strains credulity somewhat to assume that MacMillian, possessed as he was with a M.B.A. degree, would have refused employment commensurate with his education and experience in order to pursue his $2,250 investment at Miami Printery, Ltd. Under the law, and as a matter of public policy, the right to unemployment benefits is not conditioned upon complete idleness, and the undisputed evidence in this case militates against the finding that MacMillian was not available for work upon reasonable notice.

In cases of this kind, the mind readily can conjure up any number of factual patterns to support the competing interests of the parties, but this record is devoid of any evidence of fraud or misrepresentation, and the evidence is otherwise sufficient to show that MacMillian was "unemployed" within the contemplation of R.C. 4141.29. Applicable here, in our opinion, is the rationale adopted in the case of *Parent* v. *Admr.* (App. 1959), 84 Ohio Law Abs. 360, 362, where the court observed that "the claimant should be placed in no worse position than a less ambitious man." The second assignment of error is overruled.

The judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

WILSON and WEBER, JJ., concur.