RIETH, APPELLANT, *v.* ADMR., OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLEE.

(No. 53243—Decided January 4, 1988.)

*A.P. Leary,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey B. Duber,* for appellee.

ANN MCMANAMON, J. Harvey L. Rieth ("the claimant") applied for unemployment compensation in June 1981 after his business, Rieth Automotive Supply Co., suffered financial losses. On his application for benefits, the claimant disclosed his ownership of the Fleetwise Co., the parent company of the auto parts business, and stated on a separate form:

"I am President of Fleetwise Co. I am the owner. I have not worked for the company since 4-11-81. I own 85% of the stock in Fleetwise. There are no earnings off the stock. Of the total remaining stock I have pledged 35% to the employees to purchase in the next five years. I laid myself off for the lack of work. I have considered going into business or locating work through an employer.

"My company has lost in the past year and due to the economic reasons [I] am selling the business.

"I am advised I must look for employment with another employer. I am further advised that over 20 hours per week of self employment I am not considered available for work by the Ohio Unemployment law.

"I worked my last day 4-11-81. Since that time I have been seeking work. I have also been in Florida to seek work. I returned to Ohio about May 18, 1981. I am able, available, and seeking work."

The Ohio Bureau of Employment Services ("OBES") allowed the claim and awarded Reith $200 in weekly benefits. From June 1981 until February 1983, the claimant collected $11,000 in benefits. On his weekly claim forms he indicated he was not employed or self-employed and that he

was available for work. The claimant also detailed the potential employers from whom he sought employment.

During this period, OBES received an anonymous complaint that the claimant was self-employed at his auto parts company and received remuneration for his efforts.

Following an OBES investigation, the administrator found that the claimant concealed a material fact by certifying he had not worked and ordered repayment of the $11,000. The claimant's request for reconsideration of the administrator's order was forwarded to the board of review as an appeal.

A referee took evidence at a hearing attended by the claimant and an OBES investigator. The referee found that the claimant made fraudulent misrepresentations when he certified "that he was available for work, that he did not work and that he was not self-employed." The referee further stated the claimant was "not involuntarily unemployed." Pursuant to R.C. 4141.35(A) and 4141.29(A)(4), the board ordered repayment of the $11,000 and disqualified the claimant from future benefits for two years. The court of common pleas affirmed the board's decision and precipitated this timely appeal.

In his sole assignment of error the claimant asserts the board's decision was unreasonable, unlawful and against the manifest weight of the evidence. Since we find his argument well-taken, the board's decision is reversed and judgment is entered for the claimant.

R.C. 4141.28(O) sets forth the proper scope of review to be applied in appeals from the board of review. In pertinent part it provides:

"If the court finds that the decision was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse and vacate such decision

or it may modify such decision and enter final judgment in accordance with such modification; otherwise such court shall affirm such decision."

See, also, *Kilgore* v. *Bd. of Review* (1965), 2 Ohio App. 2d 69, 31 O.O. 2d 108, 206 N.E. 2d 423, paragraph one of the syllabus. Further, the determination of purely factual questions rests within the province of the board of review, and if some competent, credible evidence supports the board's decision, a reviewing court may not substitute its own judgment. *Simon* v. *Lake Geauga Printing Co.* (1982), 69 Ohio St. 2d 41, 23 O.O. 3d 57, 430 N.E. 2d 468; *Central Ohio Joint Vocational School Dist. Bd. of Edn.* v. *Ohio Bur. of Emp. Serv.* (1986), 21 Ohio St. 3d 5, 21 OBR 269, 487 N.E. 2d 288.

An individual is entitled to receive unemployment benefits for loss of remuneration due to involuntary total or partial unemployment if he or she, *inter alia,* is available for suitable work. See R.C. 4141.29(A)(4)(a). If the administrator finds that a claimant has made fraudulent misrepresentations to obtain benefits, the administrator shall require repayment of the benefits and disqualify the claimant from receiving future benefits for two years.

The claimant disputes the finding that he fraudulently misrepresented his employment status.

It is well-established that an individual who is "otherwise eligible for unemployment benefits does not become ineligible by performing uncompensated work for a company he * * * owns," since he remains "partially unemployed" within the definition of R.C. 4141.01(N). *Adams* v. *Ohio Bur. of Emp. Serv.* (1986), 31 Ohio App. 3d 8, 31 OBR 22, 507 N.E. 2d 1144, paragraph one of the syllabus. See, also, *MacMillian* v. *Unemp. Comp. Bd. of Review* (1983), 10 Ohio App. 3d 290, 10 OBR 465, 462 N.E. 2d 177; *Rini* v. *Unemp. Comp. Bd. of Review* (1983), 9 Ohio App. 3d 214, 9 OBR 364, 459

N.E. 2d 602. Under R.C. 4141.01(N) an individual is "partially unemployed" if, by reason of involuntary loss of work, his total weekly remuneration is less than his weekly benefit amount.

It is undisputed the claimant received no remuneration for the services he performed for his business while receiving unemployment benefits. The company's 1981 and 1982 tax returns indicate nothing was paid to the claimant after he applied for benefits. Further, the claimant disclosed his ownership of the company on his application for unemployment benefits. Thus, we find no evidence to support the referee's conclusion that the claimant fraudulently misrepresented his employment status.

The record also is devoid of any evidence the claimant was not "involuntarily unemployed" as required by R.C. 4141.29(A). It is undisputed the claimant's business suffered substantial business losses during 1980 and 1981. At the board hearing the claimant explained that he "could see no advantage to laying two or three people off, for the same compensation that I would save by laying myself off. Plus if I did that, it would cripple the business so much it wouldn't be able to operate." The bureau introduced no evidence to counter the claimant's testimony and thus we must reject the referee's finding on this issue.

The claimant also disputes the referee's finding that he was unavailable for work. What constitutes "availability" under R.C. 4141.29(A)(4)(a) is dependent upon the facts and circumstances of a case. See *Bergstedt* v. *Steinbacher* (1985), 27 Ohio App. 3d 93, 27 OBR 113, 499 N.E. 2d 902.

In rejecting the claimant's averments that he devoted only one or two hours a week at the auto parts business, the referee cited the company's 1981 and 1982 income tax returns in which the claimant indicated he

worked "full" time at his business. Although not specifically cited in the referee's report, the record indicates the claimant signed an average of thirty-four business checks a month while he received unemployment benefits.

The claimant explained he worked in an advisory capacity only and that he stated he worked "full" time on the company's tax return because he "did not work any other — I didn't have a job." Claimant averred he unsuccessfully searched for employment in Ohio and Florida and that he was available for work throughout his benefit period.

The bureau introduced no evidence, by way of witnesses or otherwise, as to the actual time the claimant devoted to his business. The OBES investigator merely testified he presumed the claimant devoted more than the one or two hours a week to his business since "a smart business person is going to stay on top of things." Furthermore, the bureau did not challenge claimant's statements on his weekly benefit claim forms or his hearing testimony that he contacted potential employers. In fact, the investigator acknowledged he did not contact these employers.

In the absence of any evidence to refute claimant's averments that he actually devoted only one to two hours weekly to his business and that he contacted potential employers in search of work, we cannot uphold the board's finding that the claimant was unavailable for work.

Accordingly, this assignment of error is sustained.

The judgment of the trial court is reversed and final judgment is entered for appellant.

*Judgment reversed.*

PRYATEL, P.J., concurs.

MARKUS, J., concurs in judgment only.