[Cite as *Hines v. Dir., Ohio Dept. of Job & Family Servs.*, 2023-Ohio-4066.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BRENDA J. HINES,                                :

    Plaintiff-Appellant,               :

                                   No. 112638

    v.                                            :

DIRECTOR OF THE OHIO DEPT.               :
OF JOB & FAMILY SERVICES,

    Defendant-Appellee.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 9, 2023

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-974836

---

### *Appearances:*

Voudris Law LLC and Stephan I. Voudris, *for appellant*.

Dave Yost, Ohio Attorney General, and Brian P. Murphy,
Senior Assistant Attorney General, *for appellee*.

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Plaintiff-appellant, Brenda J. Hines, appeals the trial court's decision affirming the decisions of the appellee, the Ohio Department of Job and Family Services ("ODJFS") and the Unemployment Compensation Review Commission

("the Commission") denying Hines's application for unemployment benefits. For the reasons that follow, this court affirms.

## I.    Procedural Background

{¶ 2}    From March 2021 until September 2022, Hines was employed by Oxford Government Consulting L.L.C. ("Oxford"). As an Oxford employee, Hines performed clerical or administrative support work. Initially, she primarily worked remotely or from home under a teleworking policy. However, in May 2022, she returned to an in-office setting. It was at that time that she learned that she suffered from a medical condition. On September 20, 2022, Hines saw her medical physician for her condition. As a result, her physician issued a letter to her then-employer that "due to her recent diagnosis [Hines] would need to work from home until her work up is complete." Hines claimed that she submitted the letter to Oxford along with her request for an accommodation. (Record p. 31.) She worked from home the following day, but on September 22, 2022, Oxford terminated Hines's employment "for being absent or tardy."

{¶ 3}    Hines subsequently filed for unemployment compensation benefits. In her application, she indicated that she "restricted the type of work" that she was seeking because she had a "doctor's order [that she] must work from home due to [a] medical condition." On October 14, 2022, ODJFS determined that Oxford discharged Hines without just cause, but found that "beginning 09/18/2022, the claimant has restricted the work he/she will accept. In doing so, the claimant

reduced the opportunity to obtain employment in his/her customary occupation and, as a result, failed to meet the availability requirement of [R.C.] 4141.29(A)(4)."

{¶ 4} Hines requested a redetermination of ODJFS's denial of benefits. On November 3, 2022, ODJFS affirmed its denial of benefits. Hines appealed this decision, and ODJFS transferred the matter to the Commission.

{¶ 5} On November 18, 2022, the Commission conducted a telephonic hearing at which Hines provided sworn testimony. At the hearing, Hines explained that she suffered from a temporary medical condition that would require surgery. She told the hearing officer:

> So this condition is, it's just a temporary condition, but, um, I had the condition and I, you know, been working with the condition. Um, I made the mistake and checked the restriction box. You know, I'm not really restricted. I, ah, every job that I fill out for, um, it is for, for a remote position and I was working remote before I even found out that I had, ah, this condition. So, I'm very capable of working.

(November 18, 2022 hearing transcript; record p. 82.)

{¶ 6} The hearing officer clarified with Hines that her condition did not prevent her from physically being able to work, but that she was "just not able to go into a formal office setting at this time." *Id*. Hines responded:

> Right. That's just the only thing. I'm very capable of working. Like I said, I didn't even know for a while. And we thought it was something totally different, something minor. And so it's like I was working in the office and then I was blessed enough to get some positions where I could work from home. And I guess as time went on, um, my condition got worse.

*Id*. at p. 83. Hines further explained that she had not yet scheduled her surgery because she would need to undergo three procedures beforehand.

{¶ 7} Regarding availability of work, Hines stated that nothing would interfere with her ability to work full time because she was able to schedule certain procedures on the weekends. She further denied that her condition or "flare-ups" would render her physically incapacitated for the day — "when it happens, it's just a quick fix. Okay? It's nothing that requires like, it keeps me down for a day. It's just, it's just a quick fix." *Id*. at record p. 85.

{¶ 8} Finally, Hines expressed that her condition is not a restriction and that she made a mistake in marking "restricted" on her unemployment compensation application.

> I am very capable of working. Um, my work for the last four or five years has been nothing but office work and it is work that can be done from home. As you see, I have been working from home. And, um, it was my mistake when I put "restricted." * * * I'm just, you know, temporarily out of commission as far as being able to go into a physical facility with the proper bathroom facility for me. But, like I said, that is just something temporary. I'm working on it. Um, I have been working with this condition. And hoping to get gainfully employed, you know, soon, even though I still have this condition. They'll be able to, you know, correct it and go back to being a person that can go into a, you know, a physical facility. But, um, I am able to work. I'm not restricted as far as that goes.

*Id*. at p. 86.

{¶ 9} On December 3, 2022, the Commission affirmed ODJFS's decision. It determined that Hines's medical condition and restriction rendered her ineligible for benefits for the period beginning September 18, 2022, because she was not available for suitable work as required by R.C. 4141.29(A)(4). Following this determination, Hines retained counsel who requested a review of the Commission's

decision pursuant to R.C. 4141.281(C)(3). On January 11, 2023, the Commission disallowed counsel's request for review. This appeal followed.

## II. Standard of Review

{¶ 10} R.C. 4141.282(H) sets forth the appropriate standard of review: "[i]f the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." *See also Geretz v. Dir., Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 89, 2007-Ohio-2941, 868 N.E.2d 669, ¶ 10, quoting *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697, 653 N.E.2d 1207 (1995). This standard of review applies to "'all reviewing courts, from the first level of review in the common pleas court, through the final appeal in' the Supreme Court of Ohio." *Boynton v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 21AP-481, 2022-Ohio-2597, ¶ 8, quoting *Tzangas* at 696.

{¶ 11} Our focus, therefore, is on the Commission's determination rather than the common pleas court's decision. *Boynton* at ¶ 8, citing *Houser v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 10AP-116, 2011-Ohio-1593, ¶ 7, citing *Carter v. Univ. of Toledo*, 6th Dist. Lucas No. L-07-1260, 2008-Ohio-1958, ¶ 12. Accordingly, this court may reverse the Commission's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. *Irvine v. State, Unemp. Comp. Bd. of Rev.*, 19 Ohio St.3d 15, 18, 482 N.E.2d 587 (1985), citing *Brown-Brockmeyer Co. v. Roach*, 148 Ohio St. 511, 518, 76 N.E.2d 79 (1947).

{¶ 12} When reviewing a decision from the Commission, this court must refrain from making factual findings or weighing the credibility of witnesses and must instead determine whether the evidence in the certified record supports the Commission's decision. *Tzangas* at 696, citing *Irvine* at 18. If such evidence is found, the court may not substitute its judgment for that of the Commission. *Wilson v. Unemp. Comp. Bd. of Rev.*, 14 Ohio App.3d 309, 310, 471 N.E.2d 168 (8th Dist.1984). "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the [Commission's] decision." *Irvine* at 18, citing *Craig v. Bur. of Unemp. Comp.*, 83 Ohio App. 247, 260, 83 N.E.2d 628 (1st Dist.1948).

## III. The Appeal

{¶ 13} Hines contends in her sole assignment of error that the Commission's decision was unlawful, unreasonable, or against the manifest weight of the evidence. Under this assignment of error, she raises two issues. First, she contends that the decision was unlawful or unreasonable because the Commission disallowed her unemployment benefits without considering the "suitability" factors found in R.C. 4141.29(F), which include "the degree of risk to the claimant's health and safety" and the claimant's "physical fitness for work." Accordingly, she maintains that the Commission improperly assumed that anyone seeking only work-from-home jobs is not eligible for unemployment compensation benefits. Second, Hines contends that the Commission's decision is against the manifest weight of the evidence because the entirety of the evidence demonstrated that work-from-home jobs were the only suitable work for Hines. These issues will be addressed together.

**IV. R.C. 4141.29(A)(4) — "available for suitable work"**

{¶ 14} R.C. 4141.29 governs an individual's eligibility and qualifications for unemployment benefits due to involuntary employment. Relevant to the appeal, no individual is entitled to benefits for any week unless the individual "[i]s able to work and available for suitable work." R.C. 4141.29(A)(4)(a)(i).

{¶ 15} "One can be able to work but unavailable." *Chesapeake v. Ellis*, 4th Dist. Lawrence No. 93 CA 3, 1993 Ohio App. LEXIS 5684, 7 (Nov. 24, 1993). By definition, the phrase "able to work" means "physical capability to work," while "available for work" means "readiness to work." *Hinkle v. Lennox Furnace Co.*, 84 Ohio App. 478, 486-487, 83 N.E.2d 903 (3d Dist.1948). "To be available for work within the meaning of the statute, one must be ready, willing, and waiting to accept suitable employment, and must be exposed to the labor market." *Ellis* at 7, citing *Yobe v. Sherwin-Williams Co.*, 68 Ohio Law. Abs. 260, 122 N.E.2d 202 (C.P.1954). "Availability" depends on the facts and circumstances of each case. *Rieth v. Ohio Bur. of Emp. Serv.*, 43 Ohio App.3d 150, 152, 539 N.E.2d 1146 (8th Dist.1988); *Johnson v. Ohio Bur. of Emp. Servs.*, 8th Dist. Cuyahoga No. 73591, 1998 Ohio App. LEXIS 2177, 12 (May 14, 1998).

{¶ 16} In this case, the Commission made the following relevant findings of fact:

> [Hines] has been diagnosed with rectal prolapse. As a result, she is unable to work in a traditional office setting[,] which led to her separation. Her medical provider has restricted her to work from home only until she has surgery to correct the issue. As of the November 18, 2022 hearing, claimant is still under the restriction that she works only from home.

Based on those findings of fact, the Commission reasoned that Hines was "not available for work as required by [R.C.] 4141.29(A)(4)" because

> [Hines's] restriction that she only works from home due to her medical condition is too prohibitive and an undue barrier which prevents her from working in all forms of suitable employment. That barrier has not been lifted as [Hines] is still under the restriction that she works from home until she has surgery. Under the circumstances, this Hearing Officer finds [Hines] is not available for work and is ineligible for benefits [for] the period beginning September 18, 2022. [Hines] remains ineligible for benefits until she can show she is available for work without restriction and otherwise eligible for benefits.

{¶ 17} The issue before this court is whether there is competent, credible evidence in the record that would support the Commission's decision that Hines was not "available for suitable work," and thus, ineligible for unemployment benefits.

{¶ 18} Hines first contends that the Commission's decision is unlawful and unreasonable because it did not consider the factors listed in R.C. 4141.29(F) in determining whether work-from-home positions were the only suitable work for her based on her medical condition. Consequently, Hines contends that the Commission established a blanket rule that a claimant who only seeks remote work is ineligible for unemployment benefits. We disagree.

{¶ 19} R.C. 4141.29(F) provides in pertinent part:

> [I]n determining whether any work is suitable for a claimant in the administration of this chapter, the director * * * shall consider the degree of risk to the claimant's health, safety, and morals, the individual's physical fitness for the work, the individual's prior training and experience, the length of the individual's unemployment, the distance of the available work from the individual's residence, and the individual's prospects for obtaining local work.

{¶ 20} Based on our reading of the statute, the section only requires the Commission to *consider* these factors in deciding whether "work is suitable for the claimant"; it does not require that the Commission affirmatively identify the factors or make specific findings regarding these factors.

{¶ 21} We find that the record reveals that the Commission considered these factors in making its determination. The hearing officer asked Hines about her medical condition and what limitations it placed on her ability to work. She testified that her condition did not prevent her from physically being able to work because she was still able to move and type and perform her duties. (Record at p. 82.) She also explained that nothing would interfere with her ability to work full time during normal business hours, nor would her condition render her physically incapacitated for any specific day or time. *Id*. at p. 82, 85. In fact, she stated that if her condition "flared-up," it was a "quick fix." *Id*. at p. 85. Hines also stated that she is "not restricted" in her capability, but "temporarily unable to go into a physical facility with the proper bathroom facility" for her — "I am able to work. I'm not restricted as far as that goes." *Id* at p. 86. Accordingly, although the hearing officer did not expressly discuss any specific factors identified in R.C. 4141.29(F) in its decision, the record supports that those factors were considered.[1]

---

[1]This case presents somewhat of an anomaly because the case law addressing whether someone is available for suitable employment typically involves a claimant or employee who refused to accept certain job duties or employment. In those cases, courts applied the R.C. 4141.29(F) suitability factors. *See, e.g., Blake v. Admr. of the Unemp. Rev. Comm.*, 9th Dist. Summit No. 27958, 2017-Ohio-166 (Commission found work unsuitable when claimant was physically unable to lift weight required for the position); *Tary v. Bd.*

{¶ 22} Hines contends that this court should find that remote or work-from-home positions were suitable work based on her medical condition and restriction. In support, she relies on *Johnson v. Unemp. Comp. Rev. Comm.*, 110 Ohio Misc.2d 18, 742 N.E.2d 1231 (C.P.2000), wherein the Medina County Common Pleas Court determined that the Commission failed to consider all of the factors contained in R.C. 4141.29(F) when it determined that the claimant's work-hour restriction rendered him "unavailable to for suitable work."

{¶ 23} In *Johnson*, the claimant, who worked in the factory and trucking business for his entire career, had been diagnosed with obstructive sleep apnea. According to Johnson's physician, Johnson needed to "avoid night and evening shift work." When his employer required Johnson to work second-shift and subsequently could not accommodate Johnson based on his medical condition, Johnson was terminated. The Commission determined that Johnson was wrongfully terminated, but that Johnson's medical condition rendered him "unavailable for work as required by law." *Id.* at 22. The common pleas court reversed the Commission's "unavailability" determination, finding that in addition to the Commission's misstatement of the law, the Commission selectively applied the suitability factors in R.C. 4141.29(F). As a result, the court held that Johnson was "available for

---

*of Rev.*, 161 Ohio St. 251, 119 N.E.2d 56 (1954) (Commission found refusal justified based on "morals" factor when person refused employment that required him to work on the Sabbath); *Clement v. Clow Water Sys. Co.*, 5th Dist. Coshocton No. 91-CA-22, 1991 Ohio App. LEXIS 6344 (Dec. 27, 1991) (unemployment benefits allowed when employee refused work from employer because employee was physically restricted from working in high-degree temperatures and the employer could not offer an accommodation.).

suitable work," and thus, entitled to unemployment compensation benefits despite his medical condition that limited his hours in which he was available for work. *Id.* at 26.

{¶ 24} Although the facts and circumstances of Hines's case are similar to those in *Johnson*, we do not find the reasoning in *Johnson* persuasive because in that decision, we believe that the trial court did not apply the correct standard of review.[2] In *Johnson*, the trial court took issue with the Commission's misstatement of the law and found that the Commission selectively applied the R.C. 4141.29(F) suitability factors. The trial court then considered all the suitability factors, applied them to the evidence in the record, and made its own findings and conclusions. This conduct by the court was contrary to a reviewing court's standard of review set forth in R.C. 4141.282(H). As a reviewing court, the trial court in *Johnson* was required to determine whether the record contained competent, credible evidence supporting the Commission's determination. *Irvine*, 19 Ohio St.3d at 18, 482 N.E.2d 587. Even if the trial court could reach a different conclusion based on the evidence, that fact could not serve as a basis to reverse the Commission. *Id.* Accordingly, we decline to follow *Johnson*.

{¶ 25} For the same reasons we find *Johnson* inapposite, we cannot grant Hines's request and apply the suitability factors under R.C. 4141.29(F) to the facts and circumstances of Hines's case to find that remote or work-from-home positions

---

[2] We note that *Johnson* has not been cited by any court.

was suitable work. To do so would require this court to make factual findings, which is beyond our scope of review under the law. *Tzangas*, 73 Ohio St.3d at 696, 653 N.E.2d 1207, citing *Irvine*, 19 Ohio St.3d at 18, 482 N.E.2d 587. For the reasons previously discussed, the record supports our conclusion that the Commission considered the factors found in R.C. 4141.29(F) in concluding that Hines's restriction rendered her unavailable for suitable work. Accordingly, we find that the Commission's decision is not unlawful or unreasonable.

{¶ 26} We also find that the Commission's decision is not against the manifest weight of the evidence. Hines testified that she had worked from home doing clerical work for a prior employer in 1999 and then again when she was employed by Oxford in March 2021. She testified that in May 2022, Oxford required that she return to an in-office setting. At that time, she discovered that she suffered from her current medical condition and sought medical treatment. Hines testified that based on her diagnosis, her physician provided her with a letter stating that she had to work from home. She subsequently submitted this letter to her then-employer in conjunction with a request for a work accommodation.

{¶ 27} When asked about the restriction that she noted on her unemployment application, Hines stated that she made a mistake when filling out her application to indicate that she had a restriction. She testified, however, that she had been limiting her search to only remote or work-from-home positions. Hines supported her job search by relying on her doctor's note generated for her former employer. She explained that because she had a "telework policy" in place, and

based on her job duties, her physician told her that, "'well, you know, it's nothing that I can't do at home because it's not like I have to, um, use a printer or mail or scan or something like that.' I just generate letters." (Record at p. 82.)

{¶ 28} Hines nevertheless stated that her condition did not prevent her from physically being able to work because she was still able to move and type and perform her duties. (Record at p. 82.) She also explained that nothing would interfere with her ability to work full-time during normal business hours, nor would her condition render her physically incapacitated for any specific day or time. *Id*. at p. 82, 85. In fact, she stated that if her condition "flared-up," it was a "quick fix." *Id*. at p. 85. Hines stated that she is "not restricted" in her capability but "temporarily unable to go into a physical facility with the proper bathroom facility" for her — "I am able to work." *Id*.

{¶ 29} Based on the foregoing, we find competent, credible evidence in the record supporting the Commission's conclusion that Hines restricted her job availability to only remote positions that she could perform from home. For purposes of unemployment compensation benefits, Hines was obligated to be available for all jobs that might be suitable opportunities, including office jobs that could accommodate her considering her medical condition.

{¶ 30} The Tenth District recently considered a similar case involving a teacher who restricted her employment search to only smaller-sized classrooms to limit her exposure to COVID-19. *Yang v. Dir., Ohio Dept. Of Job & Family Servs*., 10th Dist. Franklin No. 22AP-377, 2022-Ohio-4480. During the hearing before the

Commission, the *Yang* claimant explained that because her husband suffered from a medical diagnosis that placed him at a high risk of illness and with the spike and spread of COVID-19, she looked for a classroom or facility with a smaller group of children. The claimant explained that at the time of her unemployment application and job search, neither she nor her husband had received the COVID vaccine because it was unavailable. The Commission disallowed unemployment benefits, finding that the claimant restricted her employment search, and thus failed to meet the availability requirements of R.C. 4141.29(A)(4). The trial court upheld the Commission's determination. The claimant appealed to the Tenth District, contending that although evidence existed supporting that she restricted her job search, there was also evidence demonstrating that she did not. The court found that the record contained competent and credible evidence supporting the Commission's finding that the claimant restricted her job search to only smaller classroom settings, thus rendering her not available for suitable work during the relevant weeks.

{¶ 31} Hines contends that *Yang* is distinguishable because there is no indication that the claimant submitted any medical evidence from her doctor that she needed to work in smaller classrooms to limit her exposure to COVID. Hines notes that the *Yang* Court expressly stated that it did not consider any health or safety issues regarding the suitability factors because those issues had not been preserved for appeal. *Id*. at ¶ 16. According to Hines, she properly raised the health and safety factors with the Commission when she submitted her doctor's note to the

Commission that stated that she needed to work from home until her "workup" was completed.

{¶ 32} We find that the *Yang* Court's reasoning is persuasive and not distinguishable as Hines suggests. Much like in *Yang*, where the claimant limited her job search to smaller classrooms due to COVID-19, Hines limited her job search based on a restriction that she "work from home" due to a temporary medical condition. Much like the *Yang* Court concluded, a claimant cannot unilaterally determine what work is suitable or not suitable, or self-impose limitations or conditions on suitable work when a claimant conducts her job search.[3]

{¶ 33} Hines maintains, however, that unlike in *Yang*, she did not "self-impose" the restriction that limited her job search, but rather, the restriction was imposed by her medical condition and physician. She claims that she "followed her doctor's orders in applying only to remote jobs." (Appellant's brief, at p. 3.) The evidence and the Commission's findings do not support this assertion. Hines's physician stated in a single-sentence letter that "due to her recent diagnosis she will

---

[3] Case law in other states has also held that a person cannot self-impose conditions or limitations on acceptable work and still be "available for suitable work" as the law provides. *See, e.g., Robinson v. Maryland Emp. Sec. Bd.*, 202 Md. 515, 97 A.2d 300 (1953) (employee restricted her job search to only part time); *Corrado v. Dir. of Div. of Emp.* Sec., 325 Mass. 711, 92 N.E.2d 379 (1950) (employee refused work due to number of coworkers) *Unemp. Comp. Com. v. Tomko*, 192 Va. 463, 65 S.E.2d 524 (1951) (employees restricted days to work); *Ford Motor Co. v. Unemp. Comp. Comm.*, 316 Mich. 468, 25 N.W.2d 586 (1947) (employee restricted which shift she would work); *Jacobs v. Office of Unemp. Comp. & Placement*, 27 Wash.2d 641, 179 P.2d 707 (1947) (claimant would only accept day work and not night work); *Goings v. Riley*, 98 N.H. 93, 95 A.2d 137 (1953) (claimant would work first but not second or third shift); *Mills v. South Carolina Unemp. Comp. Comm.*, 204 S.C. 37, 28 S.E.2d 535 (1944) (another shift case).

need to work from home until her work up is complete." (Record at p. 41.) This letter was generated for Hines to submit in seeking an accommodation from her then-employer. Also, the Commission found that "[Hines's] medical provider has restricted her to work from home only until she has surgery to correct the issue." These statements do not support Hines's belief that she had to apply for only remote jobs; rather they support that Hines would need an accommodation.

{¶ 34} Hines's temporary medical condition that requires an accommodation is separate from her availability for suitable work. Granted, it seems futile to have a claimant search for all areas of suitable employment and then seek an accommodation once employment is offered. However, it is possible that some employers may not advertise the possibility of remote or hybrid employment. *See, e.g., State ex rel. Kidd v. Indus. Comm.*, Slip Opinion No. 2023-Ohio-2975, ¶ 39 (Brunner, J., dissenting) ("We can certainly take judicial notice that during the pandemic *some* workplaces embraced teleworking and that *some* jobs remain amenable to that type of work arrangements." (Emphasis sic.)). Limiting a job search to only work-from-home employment would exclude those precise opportunities or employers who offer accommodations to those individuals who require them.

{¶ 35} Finally, this court further finds that the Commission's decision did not create "a blanket rule" that anyone seeking only work-from-home jobs is not eligible for unemployment compensation benefits. Whether someone is available and seeking suitable work depends on the facts and circumstances of each case.

*Rieth*, 43 Ohio App.3d at 152, 539 N.E.2d 1146.  Accordingly, there can never be a bright-line test for when a person is determined to be "available" and what work will be deemed "suitable."  *See, e.g., Caudill v. Bur. of Emp. Servs.*, 12th Dist. Warren No. CA84-08-051, 1984 Ohio App. LEXIS 12155, 7-8 (Dec. 31, 1984) ("This is not to say that every claimant who merely asserts his or her religious beliefs as a basis for being unavailable for work will be granted unemployment benefits.  The existence of a spurious relationship between a claimant's religion and refusal to work will not justify the award of benefits.").  Accordingly, this court's decision is limited to the specific facts, circumstances, and procedural posture of this particular case.  This decision does not foreclosure the possibility that a claimant would be eligible for unemployment benefits when the claimant seeks and requires only work-from-home positions when the facts and situation warrant.

## V.  Conclusion

{¶ 36} After reviewing the evidence in the record and applying the applicable law, we find some evidence in the record to support the Commission's decision that Hines was not available for suitable work and thus, that the decision was not unlawful, unreasonable, or against the manifest weight of the evidence.  Again, in making this determination, we are mindful of our limited appellate review and defer to the Commission's determinations as to factfinding and witness credibility.  "The fact that reasonable minds might reach different conclusions is not a basis for the reversal of the [Commission's] decision."  *Irvine*, 19 Ohio St.3d at 18, 482 N.E.2d 587, citing *Craig*, 83 Ohio App. at 260, 83 N.E.2d 628.

{¶ 37} Hines's assignment of error is overruled.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR