JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Director, Ohio Department of Job and Family Services (ODJFS) and defendant-appellant Parma Community General Hospital have separately appealed from the trial court's decision granting judgment for the plaintiff-appellee Linda Boehme. This court had consolidated the separate appeals filed by each appellant.[1]
 {¶ 2} The appellee was discharged from her employment at Parma Community General Hospital for excessive absences and tardiness due to illness. The discharge was effective December 29, 1999. The appellee filed for unemployment compensation benefits and the Review Commission, in an opinion dated April 21, 2000, affirmed that she was terminated without just cause.
 {¶ 3} Generally, unemployment compensation benefits are statutorily available to persons who have involuntarily lost their employment so long as the person is available to work. Subsequent to the review commission's award of benefits to the appellee, ODJFS conducted an investigation and learned that both the appellee's psychiatrist and one other physician originally indicated that she was not able to work for a period of time in which she was claiming compensation benefits.
 {¶ 4} The appellee's psychiatrist, Dr. Haidar, indicated On July 9, 2000, that the appellee was under his care from June 27, 2000 to present. Dr. Haidar diagnosed the appellee as severely depressed and noted that her condition "affects concentration, memory and other cognitive abilities" and stated that she was unable to work from "December 29, 1999 to present." This statement effectively indicated to ODJFS that the appellant was not eligible for benefits because she was not "able to work" as the statute requires.
 {¶ 5} The second physician, Dr. Waghwray, who treated the appellee from September 8, 1997 to present, diagnosed the appellee with severe depression with anxiety attacks. Dr. Waghwray also determined that the appellee could not work from December 29, 1999 to present. This information provided ODJFS with further evidence that the appellee was not eligible for benefits. For purposes of this appeal, it is important to note that Dr. Waghwray additionally indicated that the appellee was not in a position to work until she received clearance from Dr. Haidar, her treating psychiatrist.
 {¶ 6} During the investigation ODJFS sent a second form to Dr. Haidar requesting that he recheck the accuracy of his records[2]
because the appellee believed she was capable of work. Apparently two responses were received. On the form dated September 6, 2000, Dr. Haidar indicated that all of the previously submitted information was correct. He also indicated that appellee suffers from major depression, but that she is able to work full time. Further information from Dr. Haidar was submitted on September 26, 2000. At this time Dr. Haidar indicated that the appellee was unable to work from July 5, 2000 to July 9, 2000, but that she was now able to work full time.
 {¶ 7} On December 14, 2000, as a result of the information gathered during the investigation from the appellee's doctors, ODJFS determined that the appellee had fraudulently misrepresented her ability to work full time when she applied for and received benefits. ODJFS cancelled the appellee's benefits and determined that the appellee was required to repay $6,875.00 in benefits already received. Upon redetermination by the director, ODJFS affirmed its finding.
 {¶ 8} The appellee appealed this determination to the review commission. Subsequent to a hearing held via telephone, the hearing officer determined that: 1) the appellee was unable to work between January 8, 2000 to July 8, 2000; 2) that the appellee had honestly believed she was able to work and thus had committed no fraudulent misrepresentation; and, 3) that the appellee was not entitled to benefits and was required to repay the $6,875.00 she had received.
 {¶ 9} An appeal to the Cuyahoga County Court of Common Pleas followed. After concluding its review, the trial court held that: "Due to the conflicting medical reports and the fact that Linda Boehme was denied unemployment compensation eligibility based on one medical report this court hereby reverses the decision of the Unemployment Compensation Review Commission. Appellant is not responsible for repaying the 6875.00 in benefits. Case is dismissed. Final."
 {¶ 10} It is from this decision that the appellants, ODJFS and Parma Community Hospital, have appealed. The appellants assert two assignments of error, both of which assert that the common pleas court erred in failing to defer to the Review Commission's determination. The appellants assert that the trial court violated the unemployment act by weighing the medical evidence regarding the appellee's ability to work.
 {¶ 11} The standard for review of an unemployment compensation claim was set forth by the Ohio Supreme Court in Tzangas, Plakas Mannos v. Ohio Bur. of Emp. Servs., 73 Ohio St.3d 694; 1995-Ohio-206;653 N.E.2d 1207, where the court found that reviewing courts may reverse the board's decision only if it is unlawful, unreasonable, or against the manifest weight of the evidence. While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the board's decision is supported by the evidence in the record. Id. See also, Irvine v. Unemp.Comp. Bd. of Review (1985), 19 Ohio St.3d 15, 17-18, 482 N.E.2d 587,590. There is no distinction between the scope of review of common pleas courts and appellate courts. Case W. Reserve Univ. v. Dir., Ohio Dep't ofJob Family Servs. (August 8, 2002), 2002-Ohio-4021, Cuyahoga App. No. 80593; and R.C. 4141.28(O)(1).
 {¶ 12} In R.C. 4141.29, the legislature set forth the criteria for eligibility and qualification required in order to receive unemployment compensation benefits. The pertinent sections state:
 {¶ 13} "Each eligible individual shall receive benefits as compensation for loss of remuneration due to involuntary total or partial unemployment in the amounts and subject to the conditions stipulated in this chapter.
 {¶ 14} "(A) No individual is entitled to a waiting period or benefits for any week unless the individual:
 {¶ 15} "* * *
 {¶ 16} "(4)(a) Is able to work and available for suitable work and is actively seeking suitable work either in a locality in which the individual has earned wages subject to this chapter during the individual's base period, or if the individual leaves that locality, then in a locality where suitable work normally is performed."
 {¶ 17} The question in the case sub judice is whether or not the appellee was "able to work" within the meaning of the statute. It has been held that what constitutes "availability" under R.C. 4141.29(A)(4)(a) is dependent upon the facts and circumstances of a case. Rieth v. Admr. OhioBureau Empl. Services (1988), 43 Ohio App.3d 150; 539 N.E.2d 1146,Bergstedt v. Steinbacher (1985), 27 Ohio App.3d 93, 27 OBR 113,499 N.E.2d 902. It is important to note that R.C. 4141.46 requires that4141.01 to 4141.46 shall be liberally construed. Salzl v. Gibson GreetingCards (1980), 61 Ohio St.2d 35, 399 N.E.2d 76. The Salzl Court further held that the act was intended to provide financial assistance to an individual who had worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own.
 {¶ 18} In the matter now before this court, it is important to remember that the Review Board concluded that the appellee had not committed fraud because she honestly believed she was able to work. Further, the appellee was under the care of two physicians and a fact not mentioned by the review board or by the appellant is Dr. Waghwray, in his report of July 2000, gave deference on the issue of the appellee's return to work to her psychiatrist, Dr. Haidar. Dr. Haidar ultimately determined that the appellee was able to work. Based upon this evidence, and construing R.C. 4141.29 in favor of the claimant, this court must conclude that the trial court did not err in its determination.
 {¶ 19} The appellants' assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
PATRICIA A. BLACKMON, J., and JAMES J. SWEENEY, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] In its brief, appellant Parma Community Hospital joined in the arguments of ODJFS.
[2] The notification from ODJFS to the appellant cites to R.C.4141.35(A).