[Cite as *Yang v. Ohio Dept. of Job & Family Servs.*, 2022-Ohio-4480.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| Liliya Yang, | : | | |
| Appellant-Appellant, | : | | |
| | : | No. 22AP-377 | |
| v. | | (C.P.C. No. 22CV-423) | |
| | : | | |
| Director, Ohio Department of Job and Family Services, | : | (ACCELERATED CALENDAR) | |
| | : | | |
| Appellee-Appellee. | : | | |

D E C I S I O N

Rendered on December 13, 2022

**On brief:** *Thomas W. Atzberger*, for appellant.

**On brief:** *David Yost*, Attorney General, and *Douglas R. Unver*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Appellant, Liliya Yang, appeals from a decision and entry of the Franklin County Court of Common Pleas affirming the decision of the Unemployment Compensation Review Commission ("Commission") to disallow appellant's request for review based on its finding that she restricted her employment search to smaller employers and, therefore, failed to meet the availability requirements of R.C. 4141.29(A)(4). For the reasons that follow, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant was employed as an instructional paraprofessional serving special needs children with Dublin City Schools through Educational Service Center Council of Governments. In 2020, due to the COVID-19 pandemic, appellant's work ended as Dublin City Schools did not use third-party paraprofessionals during that period. When appellant was informed Dublin was not going to utilize third-party paraprofessionals for the following

year, she applied for unemployment benefits with appellee, Ohio Department of Job and Family Services ("ODJFS"). Appellant filed an application for determination of benefit rights starting March 21, 2021. Appellant was granted benefits from March 21 through March 27, 2021. On May 5, 2021, the director issued a determination finding appellant failed to meet the availability requirements under R.C. 4141.29(A)(4) for the period between March 27 through August 14, 2021.[1]

{¶ 3} On August 14, 2021, appellant filed an appeal for redetermination.[2] On September 7, 2021, ODJFS transferred jurisdiction to the Commission. A hearing officer conducted a telephone hearing on October 13, 2021. Appellant appeared and offered testimony in this matter. On December 2, 2021, the Commission mailed its decision denying appellant's claim for the period between March 27 through August 14, 2021. The Commission concluded that because appellant restricted her work availability to smaller employers, she was not available for work during the weeks at issue. Appellant filed a request for review on December 23, 2021. The Commission mailed a decision dated December 29, 2021 disallowing appellant's request for review. On January 21, 2022, appellant filed an administrative appeal with the Franklin County Court of Common Pleas. On May 31, 2022, the common pleas court affirmed the Commission's decision to disallow appellant's request for further review.

{¶ 4} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant assigns the following as trial court error:

> [1.] THE LOWER COURT ERRED IN FINDING THAT THE APPELLANT WAS UNAVAILABLE, THAT SHE ACKNOWLEDGED LIMITING HER JOB SEARCH, APPLIED ONLY TO POTENTIAL JOBS WITH SMALLER CLASSROOMS AND REDUCED HER NUMBER OF POTENTIAL EMPLOYERS.
>
> [2.] THE LOWER COURT ERRED IN CONDUCTING AN UNLAWFUL DE FACTO DE NOVO REVIEW OF THE DEPARTMENT'S DECISION OR IN THE ALTERNATIVE

---

[1] The order originally included the period starting March 21, 2021 but was subsequently modified. (Dec. 2, 2021 Decision at 5.)

[2] On May 26, 2021, appellant filed an appeal for redetermination, which was initially dismissed as untimely. The Commission later reversed this determination concluding appellant filed a timely appeal. (Dec. 2, 2021 Decision at 5.)

CONDUCTED A LAWFUL BUT DEFECTIVE DE NOVO REVIEW.

[3.] THE LOWER COURT ERRED IN COMMENTING THAT THE APPELLANT'S BRIEF CONTAINED A STATEMENT TANTAMOUNT TO AN ADMISSION THAT THERE IS EVIDENCE IN THE RECORD THAT SUPPORTS THE COMMISSION'S DETERMINATION.

## III. LEGAL ANALYSIS

### A. Appellant's First, Second, and Third Assignments of Error

{¶ 6} Appellant contends the trial court erred by (1) finding that appellant was unavailable based on limiting her job search to smaller classrooms; (2) engaging in unlawful de novo review of the Commission's decision; and (3) commenting that appellant's brief contained a statement of admission that there was evidence in the record that supports the Commission's determination. As appellant's assignments of error are intertwined, we will address them together.

{¶ 7} Pursuant to R.C. 4141.282, appellant may appeal a decision of the Commission to the court of common pleas. As set forth in R.C. 4141.282(H), "[i]f the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate, or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission." *See also Gertez v. Dir., Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 89, 2007-Ohio-2941, ¶ 10, quoting *Tzangas, Plakas & Mannos v. Ohio Bur. of Emp. Servs.*, 73 Ohio St.3d 694, 697 (1995) (" '[A] reviewing court may reverse the board's determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence.' "). As a result of the limited scope of our review, an appellate court "may not make factual findings or determine a witness's credibility and must affirm the commission's finding if some competent, credible evidence in the record supports it. In other words, a reviewing court may not reverse the commission's decision simply because 'reasonable minds might reach different conclusions.' " (Internal citation omitted.) *Williams v. Ohio Dept. of Job & Family Servs.*, 129 Ohio St.3d 332, 2011-Ohio-2897, ¶ 20, quoting *Irvine v. Unemp. Comp. Bd. of Review*, 19 Ohio St.3d 15, 18 (1985). "Moreover, 'every reasonable presumption must be made in favor of the [decision] and the findings of facts [of the review commission].' " *Roberts v. Hayes*, 9th Dist. No. C.A.21550, 2003-Ohio-5903, ¶ 15, quoting *Karches v.*

*Cincinnati*, 38 Ohio St.3d 12, 19 (1988). Accordingly, a reviewing court has a duty to resolve whether the Commission's decision was supported by the evidence in the record. *Tzangas* at 696, citing *Irvine* at 18.

{¶ 8} Appellant first contends the common pleas court erred by finding that she "applied only to potential jobs with smaller classrooms and reduced her number of potential employers." (Appellant's Brief at unnumbered 5.) Preliminarily, the standard of review at issue applies to " 'all reviewing courts, from the first level of review in the common pleas court, through the final appeal in' the Supreme Court of Ohio." *Boynton v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 21AP-481, 2022-Ohio-2597, ¶ 8, quoting *Tzangas* at 696. As such, the focus of our analysis is on the Commission's determination rather than the common pleas court's decision. *Boynton* at ¶ 8, citing *Houser v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 10AP-116, 2011-Ohio-1593, ¶ 7, citing *Carter v. Univ. of Toledo*, 6th Dist. No. L-07-1260, 2008-Ohio-1958, ¶ 12.

{¶ 9} As set forth in R.C. 4141.29(A)(4)(a)(i), a claimant is not entitled to a waiting period or benefits for any week unless the individual "[i]s able to work and available for suitable work and, except as provided in division (A)(4)(a)(ii) or (iii) of this section, is actively seeking suitable work either in a locality in which the individual has earned wages subject to this chapter during the individual's base period, or if the individual leaves that locality, then in a locality where suitable work normally is performed." The record indicates appellant, during the weeks between March 27 through August 14, 2021, completed at least two work search activities. The question becomes whether there is evidence in the record to support the Commission's finding that appellant restricted her employment search during this period.

{¶ 10} Appellant contends that she did not limit her search to smaller employers citing the following testimony before the hearing officer:

> Q: Did you say you were searching for suitable work?
> A: Not restricting. I was looking and seeking for suitable work.
> * * *
> Q: Did you say searching?
> A: Searching, yes. Searching, looking for suitable work, yes.

(Tr. at 173.)

{¶ 11} Conversely, ODJFS cites other portions of appellant's testimony for the proposition that she limited her employment search to smaller settings. When addressing the hearing officer's question regarding appellant's search for suitable work, she responded:

> I, this is why I was looking for a facility, they were a smaller group of kids because initially in, um, September and November where I had assignment it was at school. And in November my husband had a restriction due to his health and he is the main person to provide the income. So due to COVID, work from home, this was his medical diagnosis and place him at high risk of illness * * *.

(Tr. at 173.)

{¶ 12} When asked whether her husband's illness affected her availability for certain jobs, appellant testified:

> It's kind of yes and kind of no because I still was looking the job to work with kids. This is what is my own experience. And the only work I shifted is to look for job in a smaller setting, smaller group of kids because at that time, high school, middle school were my last assignment it was a big group and, again, um, they had a big spike of virus. So that was the reason that I shift my working, my job to younger kids.

(Tr. at 174.)

{¶ 13} Upon review, it is evident from the record that appellant considered employers in a smaller setting as "suitable" while employers in larger settings were deemed "not suitable." This was most apparent when appellant testified that, after her husband got a letter from the doctor regarding his various health conditions, she started looking for work in "a smaller setting, but in the same category, like educational childcare area. This is what I call suitable job." (Tr. at 175.) Further, in response to whether she was available for work in a large setting at any time during this period, appellant testified:

> Well, the large setting is obviously not the best option for me. I've not been vaccinated.[3] My husband not been vaccinated at this time but it was not available yet. And it was definitely a risk. This is why I'm telling you what I was looking for job in a smaller setting.

(Tr. at 175.)

---

[3] It is worth noting that, as of the hearing, appellant had not been vaccinated, but her husband was vaccinated. When asked if there was a reason appellant had not been vaccinated, she responded, "I do, but I won't provide it right now." (Tr. at 180.)

{¶ 14} Finally, when asked whether appellant would accept employment in a large environment, she responded:

> A: Sure, Sure. If it's, ah, like a work from home, interpretation (inaudible) if I qualify, obviously, yes. It would be ideal.
>
> Q: But what if it was sometime this year that you, in regard to the period of time that you requested benefits for your current benefit year, would you have accepted a job in a large environment if it was work that you had [d]one previously?
>
> A: Well, to work as far as a high school, it was not really suitable when we had a very bad spike of COVID.
>
> Q: Okay. And why was it not suitable for you?
>
> A: As I said, my husband with his medical condition and if I go and both not vaccinated at this point, you know, what will be the result?
>
> Q: Okay.
>
> A: This is why exactly I was looking for suitable.

(Tr. at 178-79.)

{¶ 15} Based on our review of the transcript and evidence in the record, we find that there is competent, credible evidence to support the Commission's determination that appellant restricted her employment search to smaller settings. There are parts of the record that indicate appellant did not restrict her search and provide support for her claim that any discussion of her husband's health was an honest expression of concern for the medical risk posed by the COVID-19 pandemic. However, as discussed above, there are many other portions of the record that demonstrate appellant restricted her search to employment in smaller settings. Consequently, there is some competent, credible evidence to support the Commission's finding that appellant failed to meet the availability requirements of R.C. 4141.29(A)(4) for the period between March 27, through August 14, 2021.

{¶ 16} Appellant contends "[t]his court must address the applicability of estoppel of the Appellee's finding in the context of the repetitive instructional questions in the weekly Claim Continuation Application forms, as well as the health risk provisions of Rev. Code

Sec. 4141.282(F),[4] and finally the application of Rev. Code Sec. 4141.46."[5] (Appellant's Brief at unnumbered 26.) However, appellant's claim of estoppel was never raised before the Commission or in her brief before the common pleas court. Similarly, appellant failed to preserve her claim regarding the applicability of the statutory health and safety provisions. This is evident throughout her pursuit of unemployment benefits in this case. Appellant's central argument has been she did not limit her search to smaller employers. During the hearing, appellant argued that despite her concerns about COVID-19, she did not restrict her search for employment. *See* Tr. at 173 ("Q: Did you say you were searching for suitable work? A: Not restricting. I was looking and seeking suitable work."). On each of appellant's continued claim applications, she stated she was "physically and mentally able to work." (*See* Record of Proceedings at E3381-K75.) Moreover, appellant appears to even disclaim this health and safety argument in her brief before the court of common pleas writing, "[t]he Department is sidetracked by the question of whether the Appellant limited her job search to potential employers able to provide smaller groups of students and, thus, would be able to limit her exposure to Covid 19. The requirement is only that she make a minimum of two jobs searches per week, which the record shows she did." (Apr. 12, 2022 Appellant's Trial Brief at 5.) Therefore, we find appellant's estoppel and applicability of the statutory health, safety arguments were waived on appeal. *See Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34 (finding failure to raise argument at the common pleas court waives the right to raise the argument on appeal).

{¶ 17} Appellant next argues that the common pleas court conducted an improper de novo review as well as "erred in commenting that the appellant's brief contained a statement tantamount to an admission that there is evidence in the record that supports the commission's determination." (Appellant's Brief at unnumbered 12, 24.) Appellant also

---

[4] It appears that appellant intended to cite to the health and safety provision of R.C. 4141.29(F) as R.C. 4141.282(F) refers to the "Duties of the Commission" when appealing the decision of the Commission to the court of common pleas.

[5] While R.C. 4141.46 provides that the unemployment compensation statutes should be liberally construed in favor of the claimant, neither the agency nor the common pleas court is required to construe facts more favorably to either party. *Nicolas v. Dir., Ohio Dept. of Job & Family Servs.* 10th Dist. No. 04AP-771, 2005-Ohio-2635, ¶ 37, citing *Dailey v. Admr., Ohio Bur. of Emp. Servs.*, 8th Dist. No. 52633, 1987 Ohio App. LEXIS 5607 (Jan. 22, 1987). *See also Kosky v. Am. Gen. Corp.*, 7th Dist. No. 03-BE-31, 2004-Ohio-1541, ¶ 20 ("The fact that a court must liberally construe a statute in favor of a claimant does not mean it must liberally construe the facts in a particular case in favor of the claimant."). As such, even under a liberal statutory interpretation of the unemployment compensation statutes, there is still some evidence in the record to support the Commission's findings that appellant failed to meet the availability requirements of R.C. 4141.29(A)(4).

argues that the Commission or common pleas court failed to address appellant's language difficulties as she was "a naturalized citizen who grew up in Russia." (Apr. 12, 2022 Appellant's Trial Brief at 3.) We find both arguments without merit.

{¶ 18} In appellant's April 12, 2022 brief before the common pleas court, she wrote "[i]n a number of places, the record evidence, on its face, points both in favor of and in contradiction of the finding that the Appellant restricted her work availability." (Apr. 12, 2022 Appellant's Trial Brief at 3.) The trial court interpreted this statement as "tantamount to an admission that there is evidence in the record that supports the Commission's determination." (May 31, 2022 Decision at 3, citing Appellant's Trial Brief at 3.) The common pleas court's decision correctly identified R.C. 4141.282(H) as governing the standard of review at issue.[6] The common pleas court's comment appears in reference to the standard of review as it must affirm the Commission's finding if some competent, credible evidence in the record supports it. We are unpersuaded that the common pleas court's statement was improper as we reached the same conclusion, i.e., that there was some evidence supporting the Commission's finding that appellant was not eligible for benefits for the period at issue.

{¶ 19} We are equally unpersuaded by appellant's claim that because she is a naturalized citizen from Russia, there were some inherent discrepancies in her testimony. At the beginning of the hearing, appellant requested the hearing officer repeat any question if she did not understand, to which he responded, "[o]kay. That's fine." (Tr. at 163.) Given the parties efforts to work through any language barriers during the hearing—

---

[6] Appellant also identifies several portions of the common pleas court's decision it contends constituted de novo review or that these comments were prejudicial to her case. We reiterate that our review is centered on the Commission's determinations. As such, we are required to focus our analysis on the Commission's decision, rather than the determination of the common pleas court. *Barilla v. Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 02CA008012, 2002-Ohio-5425, ¶ 6, citing *Tenny v. Oberlin College*, 9th Dist. No. 00CA007661, 2000 Ohio App. LEXIS 6169 (Dec. 27, 2000). Even so, we find the common pleas court's decision was not inconsistent with the evidence in the record. The common pleas court did not engage in a de novo review but merely provided analysis on the evidence consistent with its review of the appeal. Ultimately, the common pleas court's discussion of these issues had no impact on our resolution of this case.

Appellant argues that based on the "cumulative error" in the prior decision that reversal is warranted. We find appellant's argument without merit as the cumulative error principle is inapplicable in this case. It is well-established law in this district that the cumulative error doctrine is not generally employed in civil matters. *Jenkins v. Grawe*, 10th Dist. No. 16AP-804, 2019-Ohio-2013, ¶ 59, citing *Stanley v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 12AP-999, 2013-Ohio-5140. Furthermore, as we have reviewed appellant's previous assignments of error and failed to find any error, we find no basis for considering the question of cumulative error. *Jenkins* at ¶ 59, citing *Bogdas v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-466, 2009-Ohio-6327, ¶ 43 (finding without error, harmless or otherwise, there can be no finding of cumulative error).

as evidenced by the hearing officer's willingness to repeat any potentially confusing questions—we are not persuaded that there are any meaningful inconsistencies in appellant's testimony because English is her second language.

{¶ 20} We note that appellant's case is unique in several respects. While we are sympathetic to her fears regarding COVID-19, our review of the Commission's findings is limited on appeal. Consequently, we must affirm the Commission's finding as there is some competent, credible evidence in the record that supports its determination to disallow the request for review based on its finding that appellant was actively seeking suitable work. It is not enough that reasonable minds could differ in their interpretation of appellant's testimony. *Williams* at ¶ 20, citing *Irvine* at 18.

{¶ 21} Accordingly, appellant's first, second, and third assignments of error are overruled.

## IV. CONCLUSION

{¶ 22} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and MᶜGRATH, JJ., concur.

DORRIAN, J., concurring in part and concurring in judgment.

{¶ 23} I respectfully concur for the reason the majority explains in paragraph 16 that appellant failed to preserve arguments regarding the application of R.C. 4141.29(F) regarding the director's requirement to consider the degree of risk to the claimant's health and safety in determining whether any work is suitable for a claimant.

_____